## Emanuel Moyses, use of, etc., v. Harry Rosenbaum.

1. CONTRACTS—*Of Traveling Agents—Salary and Expenses.*—Where a merchant employs a traveling agent for a year at a fixed salary, payable monthly, and agrees to pay in addition to it, all his expenses not to exceed a certain sum per annum, he has a right to know that the expenses charged are legitimate business charges and he is not bound to pay anything without knowing what it is for, and that it is a legitimate expense of his business.

2. SAME—*Duty of an Agent Who is to Receive a Salary and His Expenses.*—The duty of an agent who is employed at an annual salary and his expenses is not fulfilled by reporting that he has spent a round sum of money in prosecuting his employment. His duty to keep and preserve true and correct statements of account is a necessary consequence of his duty to account.

3. SAME—*What is an Account—Definition.*—An account is a detailed statement, something which will furnish to the person having a right to it, information of a character which will enable him to make some reasonable test of its accuracy and honesty.

Assumpsit, for services, etc. Error to the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

FRANK SCHOENFELD, attorney for plaintiff in error.

BINSWANGER & JACKSON, attorneys for defendant in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff in error sued to recover a balance claimed to be due him for a salary upon a written contract for the last month of the term of his employment thereunder. The cause was submitted to the trial court without a jury, and from the judgment rendered, this writ of error is prosecuted.

It appears from the contract that plaintiff in error was employed for a year at a fixed salary payable monthly, and was to receive also under certain conditions a specified commission not involved in this controversy. The contract further provided that defendant in error should pay all the plaintiff's traveling and other expenses not to exceed $2,250

per annum. It appears from the stipulation of facts between the parties that the defendant repeatedly demanded of the plaintiff itemized statements of the money expended by the latter on account of such expenses. These the plaintiff never rendered. He merely reported, without further explanation, that his expenses had been in one case $385; in another $27; in another $531.40; and another $562.60; adding in the last instance that his total expenses for the year had been $1,506. No statement of what the expenses were, for which this sum had been expended, was ever vouchsafed by the employe, but there is evidence tending to show that in one case the latter wrote to his employer he had expended money for a purpose which investigation showed it had not been used for.

That the employer, Rosenbaum & Co., had a right to be informed specifically what the expenses were which they were called upon to pay under the contract, admits of no serious question. They agreed to pay "traveling and other expenses" incurred by plaintiff in error while in their employment, not to exceed a certain sum. They had a right to know that the expenses charged were legitimate business charges. Indeed, it is stipulated between the parties "that the term 'expenses' as used in the contract, includes only actual outlays necessarily made by plaintiff for railroad and stage fares, meals *en route*, hotel bills, porterage, cartage, and a reasonable amount for the treating of customers, and also includes the expense of maintaining an office in Chicago." The meaning of the contract undoubtedly is that the defendant in error agreed to pay only such expenses as these enumerated, legitimately incurred in their business, the total amount not to exceed in any event $2,250. But they did not agree to pay any other or different expenses plaintiff in error might incur, and were not bound to pay anything without knowing what it was for, and that it was a legitimate expense of the business. Plaintiff in error therefore stands charged with the money advanced him for expenses and not accounted for. Until he does so account, defendant in error is entitled to offset against his account the balance of

$231.91, claimed to be due for salary. "The law is settled and sustained by reason that the duty of an agent is not fulfilled in a case of this kind by reporting to his principal that he has spent a round sum of money in prosecuting his employment. * * * His duty to keep and preserve true and correct statements of account is a necessary consequence of his duty to account. An account is a detailed statement. It must be something which will furnish to the person having the right thereto, information of a character which will enable him to make some reasonable test of its accuracy and honesty." Wolf Co. v. Salem, 33 Ill. App. 616.

The views above expressed make it unnecessary to discuss in detail the propositions of law submitted by plaintiff, the refusal of which by the trial court is assigned as error. No error was committed in refusing to hold them as expressing the law applicable. The judgment of the Superior Court is affirmed.