John E. Cone, J.
This is an application by defendant Shear to vacate an order of this court which directed the Sheriff to commit said defendant until she complied with the judgment and order of this court.
Heretofore plaintiff instituted an action in this court to recover a judgment against the defendants alleging that the individual defendant had obtained the sum of almost $7,000 from plaintiff by means of fraud and false representations. After a five-day trial of the issues, the court rendered a decision in favor of plaintiff and a judgment was entered thereon on April 30, 1956 against the defendant wherein, among other things, the defendants were directed to transfer, assign and deliver to plaintiff the stock of the defendant corporation, all real and personal property belonging to the corporation, and to file an accounting of the moneys and property of plaintiff which were paid over by him to the defendants, and an accounting of the profits and expenses of the business of the defendant corporation.
No effort was made by defendants to comply with the directions contained in the judgment. Instead two motions were made for a new trial, both of which were denied. A notice of appeal was filed but apparently the appeal was never perfected. In July, 1956 a motion was made to punish defendant Shear for contempt for failure to comply with the judgment and the matter was referred to an Official Referee who, after a hearing, found and reported that defendant was guilty of a contempt of court. The Referee’s report was confirmed, defendant found guilty of a contempt of court and an order entered so adjudging her and permitting her to purge herself of the contempt upon payment of a fine of $50 and complying with all the other terms of the-judgment, upon failure to comply with which an order of commitment might issue.
On or about December 23, 1959 a motion was made directing defendants to show cause why they should not be punished for contempt and why the individual defendant should not be committed to jail pending compliance with the judgment entered in the action. An attorney, representing the defendants, con *360 sented to the entry of an order of commitment in the event defendants failed to account by January 28, 1960. No account was filed but on said date said attorney mailed to the attorney for plaintiff an affidavit by defendant Shear in which she stated ‘ ‘ that she could not render an account, because she did not have any books.” Annexed to the affidavit was a blank assignment to plaintiff (but no stock certificates) “ of any and all stocks issued by the corporation” and a check on the defendant’s attorney’s account to the order of plaintiff in the sum of $50. The court disregarded this claim of compliance with the judgment and order of the court and an order was entered on February 15,1960 which imposed a fine of $50 on the defendants and directed the Sheriff to arrest the defendants and commit defendant Shear to the County Jail and hold her in close custody until defendants paid the fine and ‘1 complied to the satisfaction of this Court with the terms and provisions of the judgment entered herein.”
From the time of the entry of the judgment in 1956 until the submission of the affidavit in opposition to the motion to punish for contempt on January, 1960, defendants made no efforts to comply with the judgment and it was not until the threat of a jail commitment became imminent that defendant Shear made any attempt to comply. Even then she failed to comply with the terms of the judgment, submitting merely a blank assignment of stock, without surrender of the certificates and without the filing of an account, her excuse for failure as to the latter being that she could not because she did not have any books. Defendant made no attempt to explain why she did not have any books of the corporation, nor how or when the books disappeared. In her affidavit, submitted in support of this motion, defendant admits she testified at the trial that she had some records up to the year 1954. After the decision in the action and the entry of the judgment thereon, defendant knew that she was required to account and should have taken precautions to make certain that the corporate and individual records which would be needed for the preparation of the account directed by the court were properly safeguarded. In addition thereto, section 10 of the Stock Corporation Law requires that a corporation keep correct books of account and of its business and transactions, and a book to be known as a stock book.
With the statement that she has no books as an excuse, defendant almost four years after the entry of the judgment directing her to account, and after having exhausted all legal efforts to avoid accounting, and after having been committed to jail for contempt for failure to obey the order of the court, *361 submits what she terms is an account for the purpose of obtaining her release from jail upon the claim that she has now complied with the judgment. Bouvier’s Law Dictionary defines an account as “ a detailed statement of the mutual demands in the nature of debit and credit between parties, arising out of contracts or some fiduciary relation,” citing cases. (1 Bouvier’s Law Dictionary [3d rev.], p. 107.) An account has also been defined as “ a formal statement in detail of the transactions bevween two parties, made contemporaneously with the transactions themselves ” (Richard v. Wingate, 10 West. L. J. 145, 146 [Ohio]; 1 Words and Phrases, pp. 523, 524). ‘1 An ‘ account ’ is a detailed statement; it must be something which will furnish, to a person having a right thereto, information of a character which will enable him to make some reasonable test of its accuracy ana honesty ” (Wolf Co. v. Salem, 33 Ill. App. 614; Moyses v. Rosenbaum, 98 Ill. App. 7). “ An account is defined to be a detailed statement of mutual demands in the matter of debt [sic] and credit between parties, arising out of contract or some fiduciary relation” (McWilliams v. Allan, 45 Mo. 573, 574, and other cases). (Emphasis supplied.) Under no theory can it be said that what defendant has submitted is a detailed statement furnishing ‘ ‘ information of a character which will enable the plaintiff to make some reasonable test of its accuracy and honesty.” What defendant has submitted is nothing more than a summary statement of an accounting rather than an account of her operation of the business of the corporation. Even were the court to consider this summary statement as an account in place of a detailed statement which plaintiff is entitled to, the fact that defendant has entirely neglected to furnish any reason or excuse or explanation as to why she cannot make a detailed statement, other than the sole statement that she has no records, and the fact that practically all of the items for which she takes credit are approximated, including an item of credit (receipts from sales) without any substantiation thereof or basis therefor, would compel the court to conclude, as it does, that defendant has not in good faith attempted to comply with the judgment directing her to account.
The court is of the opinion that defendant Shear has not complied with the order of the court and that the summary statement submitted for the purpose of obtaining her release is not a proper accounting but merely a statement of debits against which she has offset, as credits, various alleged expenses, including a salary to herself, which would seem to have no basis as a credit, and that such alleged credits are solely for the purpose of an attempt to show that defendant is not indebted to plaintiff.
*362 The court finds defendant has failed to comply with the judgment and order of commitment and has failed to purge herself of the contempt. The motion to vacate the order of commitment is denied. Settle order on notice.