FRED W. WOLF COMPANY

v.

JAMES SALEM.

*Master and Servant—Traveling Salesman—Wages—Expenses—Itemized Account of—Obligation to Keep—Account Stated—Usage—Evidence.*

1.   It is the duty of an employe receiving a salary and his expenses to keep and preserve true and correct statements of account.

2.   The right to an itemized account of expenses may be waived by the principal, either by express agreement or by the acceptance of faulty statements in lieu thereof.

3.   The rule that a traveling salesman shall preserve vouchers for expenditures in way of expenses must be construed in a reasonable manner.

4.   When two parties by compromise liquidate and state at an agreed sum an unliquidated and disputed claim which the one holds against the other, it amounts to a valid contract whether the amount stated be paid or not, and the only remedy is upon the contract to recover the amount thus liquidated.

[Opinion filed December 2, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. HAMLINE & SCOTT, for appellant.

Messrs. TATHAM & WEBSTER, for appellee.

GARNETT, J.   This was a suit in assumpsit by appellee to recover of appellant a balance on account, said to be due for services, commissions on sales and traveling expenses. In 1885 Fred W. Wolf was a manufacturer, at Chicago, of refrigerating and other machinery, and about June 1st of that year appellee entered his employ under a verbal agreement, by the terms of which, as sworn to by appellee himself, he was to receive $100 per month salary, two and one-half per cent commission on sales, and his traveling expenses. In 1887 the Fred W. Wolf Company was organized, and suc-

ceeded to the business, having Mr. Wolf as its president and manager and retaining appellee in its service without any change as to his duties or compensation. On or before June 1, 1887, Salem's account of expenses was not entirely satisfactory to Wolf, and a small book was then handed to Salem for his expense account. Wolf testified that on July 1, 1887, he told Salem he would get no more money until he brought in a statement of his expenses. His employment continued until January 11, 1888, when he rendered to appellant a bill for salary, commissions and expenses, amounting to $2,390.94. Some statements were rendered before that, but appellant insists that they were not such as appellee's duty required him to make. Of the amount claimed in the final statements, the sum of $1,616.99 was for expenses. Wolf declined to pay the account, asserting that the expenses were excessive, that statements had not been rendered showing for what purposes expenses had been incurred, and that a large part of the expenses charged was not for traveling expenses, but was money spent at Chicago, where Salem lived. A statement of account was also prepared by Wolf, showing a balance of $870.17 due Salem. Appellant claims that there was a settlement between the parties, and that full payment was made according to the terms of such settlement; but this is denied by appellee. The case was tried by the court without a jury; there was a finding and judgment for plaintiff for $1,796.57 (the full amount claimed, less payments that had been made), and the defendant appeals.

The point most seriously disputed between the parties relates to the duty of Salem in keeping an account of his expenses, appellant contending that it should be at all times strictly itemized, while appellee claims that a statement of aggregates is allowable. For example, appellee admits in his testimony that he never rendered a statement of the items which constitute such charges as these : " Expenses in Chicago from July 1st, to July 12th, $34"; "sundry expenses, $125.12;" " money expended October 20th to December 30th, $218"; "expenses in Chicago from July 18th to July 22d, $12.50 ; difference as per my statement—short money difference, can not account for same, $18.70."

On the trial the defendant requested of the court this proposition of law: "The court finds as a proposition of law, that under the contract shown by the evidence, the plaintiff was not constituted the sole judge of what were necessary and proper expenses of such employment, but that it was incumbent on the plaintiff, upon the trial, in order to recover such expenses, to show affirmatively, by a preponderance of evidence, that the amounts claimed were actually spent, that they were just and reasonable expenses, and for what purposes the amounts were spent, it not being sufficient that he swear to aggregate expenditures," which was refused.

The erroneous principle upon which this branch of the case was tried is evidenced from the position assumed by the judge in the course of the trial, when this passage occurred between the court and one of defendant's counsel:

"THE COURT: I think we can shorten that up. I think that when a man makes a contract with another man that he is to have his expenses paid, why, he leaves it to the man himself to make his expenses; and unless he can show that he has actually charged for money that he did not spend, I think he must stand it, and when he gets tired of him he can tell him to go, but he must pay his expenses, whatever they are.

"MR. SCOTT: Your Honor holds that he must present no evidence of what he spent, but that his expenses must be paid.

"THE COURT: And also, when he comes into court, he must swear to it. A man can not tell every day what he expended, he has got to take his word for it; especially when a man comes up here and swears that he did spend it. If it seems to be unreasonable, and if the employer is dissatisfied with the amount of the expenses, just let him discharge his man— that is a simple remedy—not come into court, ask the court to differentiate, and allow him fifty cents here and twenty-five cents there."

This method of determining upon what principle the court decided the case is not of recent origin in this State. Gauche v. Mayer, 27 Ill. 134; Lowe v. Moss, 12 Ill. 477.

It must be presumed that the opinion thus expressed by the judge continued to the time of the refusal of the above

proposition, as there is nothing in the record indicative of a change in his views. The law is settled and is sustained by reason, that the duty of an agent is not fulfilled in a case of this kind, by reporting to his principal that he has spent a round sound of money in prosecuting his employment, and then swearing to the fact in a suit to recover the sum. His duty to keep and preserve true and correct statements of account is a necessary consequence of his duty to account. Mechem on Agency, Sec. 528. An account is a detailed statement: 1 Bouvier's Law Dictionary, 53. It must be something which will furnish to the person having the right thereto, information of a character which will enable him to make some reasonable test of its accuracy and honesty, otherwise the obvious design of requiring it must be virtually fruitless. The right to an itemized account may be waived by the principal, either by express agreement or by the acceptance of a faulty statement in lieu thereof. No express agreement to that effect is proven, and whether the statements of aggregates were accepted as a compliance with Salem's duty, depends upon the facts—such as failure to object to the accounts rendered for any considerable time, and the absence of circumstances to repel the presumption of acceptance. The court below was of a different opinion, and refused a proposition of law in which this point was made.

The second proposition of law requested by appellant is abstractly sound, but there was no evidence in the case to warrant it. The fifth would seem to imply that Salem was bound to preserve vouchers for all his outlays in the shape of traveling expenses. The requirement of vouchers must be reasonable. It is a fact universally known that a receipt for railroad fare is never asked or given. Without laying down any arbitrary rule on the subject, we should say that some respect, in such matters, is due to the usages of business, where the parties have neglected to make specific provision in their contract. There was some evidence tending to prove an account stated between the parties before the suit was brought, and the seventh proposition asked by defendant on that point should have been given. When two parties, by

compromise, liquidate and state, at an agreed sum, an un-liquidated and disputed claim which the one holds against the other, this constitutes a valid contract, whether the amount stated be paid or not, and the only remedy is upon the contract to recover the amount thus liquidated. Hanley v. Noyes, 35 Minn. 174.

We think no error was committed in refusing the remaining propositions asked by appellant. The law gives the right to a trial upon correct principles. In a case where the evidence is conflicting, it can not be known, until there is such a trial, whether justice has been done. The judgment is reversed and the cause remanded.

*Reversed and remanded.*