(No. 34174.—

CHICAGO LAND CLEARANCE COMMISSION, Appellee, *vs.* IRMA C. ROSENAU *et al.*—(FLORENCE KOSTNER, Appellant.)

*Opinion filed January 24, 1957—Rehearing denied March 19, 1957.*

JOSEPH O. KOSTNER, and MORTIMER, NOLAN, O'MAL-LEY & DUNNE, both of Chicago, (ROBERT J. NOLAN, and PATRICK W. DUNNE, of counsel,) for appellant.

ELSA C. BECK, WILLIAM F. MORRISSEY, and WILLIAM H. DILLON, all of Chicago, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This appeal presents but a single issue, namely did the trial court act improperly in denying leave to appellant, Florence Kostner, to file a traverse to a petition to condemn three vacant parcels of property owned by her. Chronologically we will outline the proceedings in the court below: the petition to condemn was filed on April 2, 1953; appellant's appearance was entered by a competent firm of lawyers on May 14, 1953; on September 14, 1953, on a preliminary call of the condemnation calendar, October 1, 1953, was fixed as the date for a pretrial conference for the purpose of ascertaining just compensation and hearing was ordered on traverses then on file as to certain parcels to be set for October 6, 1953; the instant case was on the trial call and was continued from time to time for the purpose of a hearing on the issue of just compensation, and the docket entry evidencing same appears as of these dates, October 1, 1953, November 2 and 16, 1953, December 7 and 21, 1953, January 18 and 25, 1954. Throughout, there was no request made for leave to file a traverse.

On January 26, 1954, an order was entered requiring all defendants desiring to contest the right of petitioner

to maintain the condemnation suit, and who had not theretofore done so, to file a traverse or other pleading contesting petitioner's right to condemn within seven days from the date of this order, or be deemed to have waived the right to file such pleading. Immediately thereafter, James A. Harrington, one of Mrs. Kostner's attorneys, stated to the court that he did not intend to file traverse on behalf of the properties involved in this appeal, but would abide the court's decision on traverse then pending as to other parcels in the proceeding.

After the January 26, 1954 order, the case involving the parcels of real estate herein was placed again on the trial call and was continued from time to time for the sole purpose of hearing the issue of just compensation. The record discloses continuance orders as of these dates: January 27 and 28, 1954, February 2, 1954, March 29 and 31, 1954, May 6, 24, 25, 26, 27 and 28, 1954; June 1, 7, 8, 9, 10, 11, 22 and 29, 1954; September 20, 1954; October 25 and 27, 1954; November 15 and 22, 1954; December 15 and 17, 1954, and January 24, 1955. Then the cause was continued to February 14, 1955. It will thus appear that almost one year elapsed after the order of January 26, 1954, and there was still no request to file a traverse.

On February 11, 1955, a motion was presented to the trial court for leave to substitute Joseph O. Kostner and Boyle & Friedman as attorneys for Mrs. Kostner, in lieu of Arvey, Hodes & Mantynband and James A. Harrington, and also for leave to file a traverse on behalf of Mrs. Kostner. This was denied on the same date. Later Boyle and Friedman withdrew as counsel for Mrs. Kostner. No showing by affidavit or otherwise was made to excuse Mrs. Kostner's long delay. On April 22, 1955, an order was entered by Hon. Denis J. Normoyle as follows: "It is further noted by the Court that Parcels 1-9 and 4-56 represented by Joseph O. Kostner, an attorney, have been continuously on the trial call on each court day from April 11,

1955, to the date hereof and the said Attorney has failed to appear and answer. Pursuant to the Court's direction, William F. Morrisey, attorney, informs the Court that he called Joseph O. Kostner yesterday, April 21st, to be present this date and that Mr. Kostner said he would appear. It is now 10:30 o'clock a.m. and Mr. Kostner has failed to appear and answer. It is therefore ordered that the trial on the issue of just compensation as to Parcels 1-9 and 4-56 be, and it is, again continued and set for Monday, April 25, 1955 at 10:00 a.m." Mr. Kostner was notified of this order.

On April 28, 1955, a petition for change of venue was filed on behalf of Mrs. Kostner, (hereinafter called defendant,) stating her belief "that she will not receive a fair trial because the trial court is prejudiced against her and that she was first apprised of said prejudice within the preceding five days." This petition was granted over the objection of petitioner and the cause was transferred to the chief justice for reassignment. The cause was set for trial for May 23, 1955, and on that date Joseph O. Kostner withdrew as attorney for defendant and Wisch and Crane entered their appearance as her attorneys. On May 31, 1955, an order was entered setting the trial on the issue of just compensation for June 13, 1955, at the head of the trial call and on that date an order was entered that the substitution of attorneys, filed on May 23, 1955, by Wisch and Crane, be withdrawn and that the appearance of Joseph O. Kostner heretofore filed in the cause stand as the appearance for the defendant.

After the change of venue was granted on April 28, 1955, the case was assigned to Judge Lee W. Carrier, who then entered three orders. The first was on May 4, 1955, setting the trial "on the issue of just compensation" on May 23, 1955; the second May 23, 1955, on stipulation of defendant's attorney, consolidating certain parcels owned

by her "on the issue of just compensation;" and the third on May 31, 1955, setting the trial "on the issue of just compensation" for June 13, 1955. At no time throughout this period was there any intimation of a desire to file a traverse.

On June 13, 1955, a petition verified by defendant was presented to the court and in it she stated: "due to her hospitalization in the winter and spring of 1954 and convalescence during the summer that she was unable to see. That she further believed that her rights to dispute the taking were being protected by her attorney. That no traverse was filed as she desired. That on February 16, 1955, after she had been apprised of the fact that no traverse was filed, she believed that a written request to file a traverse and an appearance of new counsel would be made. That this was not done and no appearance was entered. That she was endeavoring to secure experienced counsel until May 25, and was unsuccessful due to the acceptance and refusal of various attorneys."

Then a new law firm entered their appearance, namely, Mortimer, Nolan, O'Malley and Dunne. The petition for leave to file a traverse having been denied, there was a trial, the results of which were set aside for reasons not important on this appeal. On October 24, 1955, a second trial was commenced and Judge Carrier's illness necessitated a mistrial order.

The cause was again set for trial on February 6, 1956, before Judge Ezra Clark. Three days prior thereto defendant's attorney filed a motion, together with his affidavit, requesting that the order entered on June 13, 1955, denying leave to file a traverse be reconsidered. The court, in denying this motion stated: "I am certainly inclined to think that in view of all the circumstances, the order entered by Judge Normoyle referring to the filing of any traverse that the Respondent desired to file within a time

fixed by the court in that order is certainly a valid order. It is certainly within his jurisdiction. That order was not complied with. Subsequent to that time the same motion was presented to Judge Carrier. The motion was denied. So far as I am concerned, I am not at this date and in view of the circumstances going to allow the motion. The motion will be denied and we will proceed to trial upon the issue of just compensation."

Then on February 18, 1956, there was a trial resulting in a judgment order ascertaining just compensation for the parcels of land here involved. This appeal followed. It hardly seems necessary, in view of the foregoing history of this proceeding, to discuss reasons or precedents in support of our conclusion that this judgment should be affirmed. This summary treatment does not signify that we have not considered the able briefs presented on both sides; nor are we unmindful that the process of taking private property for public use may be tyranically and unfairly exercised; and that the right of an individual to protect his property against the taking by the State is a sacred one. Of importance, too, is the necessity for orderly and prompt disposition of the ever increasing number of condemnation proceedings. Progress with its highways and toll-roads construction, school programs and the clearance of slum and blighted areas have added their share to this mounting increase. If all defendants in a condemnation proceeding are required to file their traverses or motions to dismiss within a specified time, then the trial court can control its calendar and try all those traverses which raise the same question and dispose of them on one hearing. On the other hand, if each defendant is to have the right to file his traverse or motion to dismiss whenever he sees fit to do so, then the trial court will be obliged to try the very same question over and over again. This would compound the evils that the crowded court calendars in Cook County already present.

We therefore conclude that the trial court did not abuse its discretion in refusing leave to Mrs. Kostner to file a traverse, and the judgment of the trial court is affirmed.

*Judgment affirmed.*