City of Chicago in Trust for the Use of Schools, Petitioner-Appellant, v. Albert J. Schorsch Realty Company, Inc., et al., Defendants,

### Consolidated With

City of Chicago in Trust for the Use of Schools, Petitioner-Appellant, v. John Przywara, et al., Defendants-Appellees.

### Gen. No. 51,710.

First District, Fourth Division.

April 10, 1968.

Rehearing denied May 22, 1968.

James W. Coffey and Frank S. Righeimer, of Chicago (Frank S. Righeimer and Richard E. Girard, of counsel), for appellant.

Green, Murnighan & Kane, of Chicago (John B. Murnighan and John J. Jiganti, of counsel), for appellees as to Parcels B, C and D.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Petitioner instituted condemnation proceedings on March 4, 1965 (Circuit Court No. 65 L 7227) for five parcels of land. On July 14, 1965, another petition was filed in the same case seeking nine and one-half acres of unsubdivided land and one acre of subdivided property which consisted of eight lots designated as Parcel E or Parcel 4. On July 14, 1965, another petition was filed in a new case (Circuit Court No. 65 L 20763) seeking the same property. In that case a change of venue was granted November 3, 1965, as to Parcel E and the case reassigned for separate trial as to Parcel E. Thereafter the cases were consolidated.

The instant case involved Parcels A, B, C and D. Petitioner has appealed the jury's awards. Defendants Stanley and Irene Rusek, owners of Parcel A, have asked us to affirm the judgment relating to Parcel A. Petitioner has also indicated its willingness to affirm this portion of the judgment and we affirm the judgment as to Parcel A.

Defendants John and Josephine Przywara, National Bank of Albany Park and Exchange National Bank of Chicago have taken cross-appeals from the denial of their traverses and motions to dismiss and have also appealed the jury's awards as to Parcels B, C and D. In their cross-appeals defendants argued that they were denied a hearing on their traverses and motions to dismiss the petitioner's complaint. Defendant National Bank of Albany Park filed a traverse and motion to dismiss simultaneously with its first appearance in the case on February 9, 1966. It alleged that petitioner had failed to satisfy certain statutory preconditions to the institution of condemnation proceedings and also alleged certain facts which it claimed made this taking illegal as an abuse of governmental discretion. On February 11 petitioner's motion to strike National Bank of Albany Park's motion to dismiss was filed and granted. The motion to strike stated:

> Said defendant's traverse filed without leave of Court eleven and one-half months after condemnation proceedings were instituted and said defendant was served with summons and one month after this Court denied identical traverse in this cause filed by the same attorneys is an improper attempt to have this Court try the same question over and over again contrary to the well established law in Illinois.

The Exchange National Bank sought leave to file a similar traverse and motion to dismiss on February 10,

1966, but leave was denied it on the same day. No reason for denying leave appears in the record.

 The general rule for filing motions to dismiss is stated in Board of Education of Cicero-Stickney Tp. High School Dist. No. 201 v. City of Chicago, 402 Ill 291, 83 NE2d 714, at page 298:

> It is also contended by appellee that before appellant is entitled to relief in eminent domain proceedings, a hearing must be had on its motion to dismiss and traverse. This court has held that such procedure is the proper method of reaching and deciding the issues as to the right of a petitioner to have condemnation in a particular case. The only issue to be tried by the jury is the amount of compensation to be awarded. A defendant has a right to contest the petitioner's right to condemn, which he may do by motion to dismiss, and having done so the burden is on the petitioner to maintain its right by proper proof.

Petitioner, however, argues here and in its motion to strike that the instant case is controlled by Chicago Land Clearance Commission v. Rosenau, 10 Ill2d 501, 140 NE2d 695. In that case condemnation proceedings were instituted on April 2, 1953, and defendant appeared through counsel on May 14, 1953. On January 26, 1954, the trial judge ordered that all parties who wished to contest petitioner's right to condemn do so within seven days. Defendant's lawyer informed the court that it did not wish to do so. On June 13, 1955, more than two years after the initiation of the proceedings, defendant changed its position and sought to contest the condemnation. The Supreme Court upheld the trial court's denial of leave to file a traverse based on failure to comply with the deadline of the order issued on January 26, 1954, saying at page 506:

If all defendants in a condemnation proceeding are required to file their traverses or motions to dismiss within a specified time, then the trial court can control its calendar and try all those traverses which raise the same question and dispose of them on one hearing. On the other hand, if each defendant is to have the right to file his traverse or motion to dismiss whenever he sees fit to do so, then the trial court will be obliged to try the very same question over and over again. This would compound the evils that the crowded court calendars in Cook County already present.

The petition in the instant case was filed on March 4, 1965; an additional petition enlarging the area sought to be taken was filed in July 1965. No further action was taken by petitioner until January 27, 1966, when petitioner moved to consolidate the cases and they were ordered removed from the calendar. The record does not disclose that a trial date was set. (Appellee claims that February 21 was set as the trial date.) On February 9 National Bank of Albany Park filed its appearance and motion to dismiss. On February 10 Exchange National Bank of Chicago, as Trustee, filed its motion for leave to file its motion to dismiss. No order setting a deadline for filing traverses was ever sought or entered. We cannot find that defendants' rights to contest petitioner's right to condemn should have been denied under these circumstances. Rosenau is clearly distinguishable on the facts.

■ Petitioner, however, points out that the parties in this case sought to file traverses and motions to dismiss identical to that denied in the proceeding as to Parcel E. (Parcel E was tried separately by a different trial judge following the granting of a change of venue.) Petitioner argues that since the same lawyers represented the owners of Parcel E as well as the parties who filed the motions to

dismiss and the traverses in this case and the motions to dismiss alleged identical grounds, the parties in the instant case are barred by the decision reached by the judge in the proceedings as to Parcel E one month before their own motions were filed. We know of no "well established law in Illinois" which prevents owners of property from challenging the condemnor's right to proceed simply because they make the same arguments through the same attorneys as were made by another party in a different trial presided over by a different judge and involving a different piece of property. Certainly the fact that different properties and different parties were involved prevents the application of the principle of res adjudicata. We believe that defendants were entitled to a hearing on the petitioner's right to condemn. Therefore the judgments as to Parcels B, C and D are reversed and the cause remanded with directions to vacate the order striking the traverse and motion to dismiss of National Bank of Albany Park, to vacate the order denying leave to Exchange National Bank to file its traverse and motion to dismiss and to conduct such proceedings as may be required. City of Kewanee v. Puskar, 308 Ill 167, 139 NE 60.

Both petitioner and defendant have asserted errors entitling them to a new trial on the questions relating to just compensation. In view of our decision we find it unnecessary to consider these alleged errors.

Affirmed as to Parcel A. Reversed and remanded with directions as to Parcels B, C and D.

McCORMICK, P. J. and ENGLISH, J., concur.