TIMOTHY J. TOWNE, Plaintiff-Appellant, v. THE TOWN OF LIBERTYVILLE *et al.*, Defendants-Appellees (The Law Firm of Siemon, Larsen and Purdy, as Agent of the Town of Libertyville *et al.*, *et al.*, Defendants).

Second District No. 2—89—0115

Opinion filed November 2, 1989.—Rehearing denied December 5, 1989.

David L. Anders, of Hutchinson, Anders & Associates, P.C., of Tinley Park, for appellant.

Dennis P. Ryan and Luis A. Berrones, both of Gardner, Carton & Douglas, of Libertyville, for appellees Town of Libertyville, F.T. Graham, Larry G. Alkire, Roger R. Hartman, and Carol Calabresa.

D. Kendall Griffith, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for other appellees.

JUSTICE McLAREN delivered the opinion of the court:

In December 1987, plaintiff, Timothy J. Towne, pursuant to sections 1983 and 1985(3) of the Civil Rights Act of 1871 (Civil Rights Act) (42 U.S.C.A. §§1983, 1985(3) (West 1981)), filed a complaint against the Town of Libertyville (township) and others, alleging that he was wrongfully deprived of his property without due process of law and without just compensation as guaranteed by the fourteenth amendment to the Federal Constitution (U.S. Const., amend. XIV).

The defendants filed a motion to dismiss pursuant to section 2—615 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—

615). The trial court ruled that plaintiffs could not state a cause of action and dismissed the complaint with prejudice in an order filed January 6, 1989. In the same order, the court denied plaintiff's motion to amend his complaint. Plaintiff appeals, contending that his complaint was sufficient to state a section 1983 action; alternatively, plaintiff argues that it was error for the trial court to deny his motion to amend the complaint. We affirm.

The original controversy stems from the township's institution of condemnation proceedings pursuant to the Township Open Space Act (Open Space Act) (Ill. Rev. Stat. 1987, ch. 139, par. 321 *et seq.*) against several parcels of land in which plaintiff had a legal or equitable interest. In December 1986, plaintiff agreed to sell certain parcels and to donate others to the township as part of an overall settlement of the case. The agreement shows that plaintiff was to be compensated $920,920. As part of the agreement, the township agreed to deliver at closing a release of the *lis pendens* recorded against a certain three-acre parcel and to withdraw its offer to purchase that parcel. The offer to acquire the parcel was withdrawn on December 24, 1986. According to the complaint, on September 16, 1987, the township subsequently reinstituted condemnation proceedings to acquire the three-acre parcel. The record is silent as to the disposition of that suit.

On December 24, 1987, plaintiff filed his complaint at law requesting injunctive relief, compensation, and punitive damages for violations of his constitutional rights because he was wrongfully deprived of his property. In count I, plaintiff alleged that defendants conspired to deprive him of the use of his property and just compensation therefor by instituting eminent domain proceedings against property that was exempt under the Open Space Act, presumably because it was either property of less than 50 acres in size or it was farmland. Count II is generally repetitive of count I and concludes that the initiation and continuation of the eminent domain proceedings constitutes an abuse of process because the subject property was exempt under the Open Space Act.

Section 2—615 of the Civil Practice Law provides for a motion to dismiss a complaint for failure to state a cause of action (Ill. Rev. Stat. 1987, ch. 110, par. 2—615), and an appeal from such a dismissal preserves for review only the question of the legal sufficiency of the complaint. (*Payne v. Mill Race Inn* (1987), 152 Ill. App. 3d 269, 273.) While a motion to dismiss admits all well-pleaded facts as true, the motion does not admit conclusions of law or conclusions of fact which are not supported by allegations of specific facts which form the basis of such conclusions. (*Payne*, 152 Ill. App. 3d at 273.) It is

well established that Illinois is a fact-pleading State, and if, after deleting the conclusions that are pleaded, there are not sufficient allegations of fact to state a cause of action, the motion to dismiss must be granted regardless of whether it informs the defendant in a general way of the nature of the claim against him. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 424, 426.) Although pleadings are to be construed liberally, factual deficiencies may not be cured by liberal construction or argument. (88 Ill. 2d at 427.) The granting of a motion to dismiss is within the sound discretion of the trial court. 88 Ill. 2d at 422.

On appeal, plaintiff argues only that it was error for the trial court to dismiss his action based on section 1983 of the Civil Rights Act (42 U.S.C.A. §1983 (West 1981)). Under that section, plaintiff must allege sufficient facts to show two essential elements: (1) whether the conduct complained of was committed by a person acting under color of State law; and (2) whether this conduct deprived the person of rights, privileges, or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor* (1981), 451 U.S. 527, 535, 68 L. Ed. 2d 420, 428, 101 S. Ct. 1908, 1913.

■■ ■ Plaintiff complains that he was deprived of his property and just compensation without procedural and substantive due process of law. The proper method of reaching the issue of the condemnor's right to condemn plaintiff's land was by filing a traverse or a motion to dismiss during the preliminary stage of the condemnation proceedings. (*City of Chicago in Trust for the Use of Schools v. Albert J. Schorsch Realty Co.* (1968), 95 Ill. App. 2d 258, 261.) Plaintiff failed to avail himself of the proper remedy to contest the propriety of the condemnation proceedings and instead elected to settle and compromise his claims with the defendants. Plaintiff's complaint shows that, as consideration for his settlement, he was to be compensated in the sum of $920,920 for the taking of his property. We consider plaintiff's objections to the condemnation proceedings waived, and he cannot now raise, in a collateral proceeding, issues which he could have properly raised in the eminent domain proceedings. Plaintiff's contentions are without merit. Our careful review of the record discloses that there was no deprivation of any kind.

■■ Contrary to plaintiff's misstatement of the law, condemnation proceedings do not deal merely with just compensation. As a preliminary matter, when the complaint to condemn is traversed, the trial court may determine all questions raised regarding the right of the condemnor to condemn the property. (See F. Righeimer, Jr., Eminent Domain in Illinois §4.05 at 54 (3d ed. 1986) (and cases cited therein).)

The equitable principle of waiver will be recognized whenever a party intentionally relinquishes a known right, or, as in this case, when the party acts in such a manner as to warrant the inference of such a relinquishment. (*In re Estate of Trahey* (1975), 25 Ill. App. 3d 727, 731; *National Bank v. Newberg* (1972), 7 Ill. App. 3d 859, 868.) An objection to a condemnation proceeding is waived by the failure to raise it at the appropriate time during the eminent domain proceedings. *Chicago Housing Authority v. Berkson* (1953), 415 Ill. 159, 161; *DuPont v. Sanitary District of Chicago* (1903), 203 Ill. 170, 173.

■ Where an established State remedy to compensate a plaintiff for the taking of his property meets the requirements of due process, plaintiff will not be held to have suffered a "deprivation" so as to state a cause of action under section 1983 of the Civil Rights Act. (*Parratt v. Taylor*, 451 U.S. at 544, 68 L. Ed 2d at 434, 101 S. Ct. at 1917.) It cannot be seriously contended that the well-established eminent domain proceedings do not comport with due process. The hearing provided to the property owner during condemnation proceedings has been held to satisfy due process requirements. *City of Chicago v. R. Zwick Co.* (1963), 27 Ill. 2d 128, 131; *Zurn v. City of Chicago* (1945), 389 Ill. 114, 133.

■■ ■ The decision of a condemning body to acquire property by eminent domain is not itself a "taking" of the property, and no question of due process is presented thereby. (*People ex rel. Gutknecht v. City of Chicago* (1953), 414 Ill. 600, 616.) The taking of property in the constitutional sense is accomplished only by the filing of a petition, the ascertainment of value, and the payment of just compensation. (*Citizens Utility Co. v. Metropolitan Sanitary District* (1974), 25 Ill. App. 3d 252, 255.) Generally, no taking occurs until the execution of a purchase agreement or the conclusion of eminent domain proceedings. (*Griffin v. City of North Chicago* (1983), 112 Ill. App. 3d 901, 906.) The conclusory allegations in plaintiff's complaint that he was deprived of his property for a substantial period of time merely by the filing of the township's lawsuit is devoid of specific supporting facts. No "taking" occurs until the condemnor has physically intruded upon the premises or has *radically* curtailed the owner's use of his property. (*Kirby Forest Industries, Inc. v. United States* (1984), 467 U.S. 1, 14, 81 L. Ed. 2d 1, 13, 104 S. Ct. 2187, 2196.) Mere market value fluctuations occurring during the pendency of a suit do not ordinarily result in a "taking." (*Kirby*, 467 U.S. at 15, 81 L. Ed. 2d at 14, 104 S. Ct. at 2197.) Plaintiff's complaint provides no specific facts showing how he was damaged by the mere filing of the condemnation suit or how he was deprived of *all* or an *essential use* of his property.

(See *Barbian v. Panagis* (7th Cir. 1982), 694 F.2d 476, 484; see also *First English Evangelical Lutheran Church v. County of Los Angeles* (1987), 482 U.S. 304, 321-22, 96 L. Ed. 2d 250, 268, 107 S. Ct. 2378, 2389.) Since plaintiff never availed himself of the established procedures to determine whether a "taking" had taken place and to establish the just compensation therefor, we must conclude that defendants caused him no deprivation of any kind.

 █ Neither is there any basis in plaintiff's complaint that defendants instituted a baseless lawsuit which effectively placed plaintiff under duress, forcing him to settle the litigation. Duress is defined as "a condition where one is induced by a wrongful act or threat of another to make a contract under circumstances which deprive him of the exercise of his free will." (*Kaplan v. Kaplan* (1962), 25 Ill. 2d 181, 185.) It is not duress to institute or threaten to institute legal actions, nor is it duress for a person to assert his legal rights. (25 Ill. 2d at 187; see also *City of Chicago v. American National Bank & Trust Co.* (1986), 146 Ill. App. 3d 784, 789 (defendants estopped from filing traverse where prior agreement had been entered into without duress).) Plaintiff has failed to provide any specific facts which would support a claim of duress. Plaintiff merely *concludes* that it was an abuse of process for the township to institute legal proceedings because of his subjective belief that his property did not qualify for condemnation under the Open Space Act. It is clear that the township could, in good faith, institute such proceedings even where there was doubt as to whether the property was exempt under the 50-acre minimum or the agricultural exceptions to that act. For example, contrary to plaintiff's assertions, parcels of property consisting of less than 50 acres can in some circumstances be subject to condemnation proceedings. See, *e.g., Town of Libertyville v. Connors* (1989), 185 Ill. App. 3d 317; *Town of Libertyville v. Blecka* (1989), 180 Ill. App. 3d 677.

Again, plaintiff's remedy lay in filing a traverse or a motion to dismiss during the preliminary stage of the eminent domain suit rather than in instituting a collateral proceeding as he has chosen to do.

 Finally, we point out that even if plaintiff had not waived his rights by abandoning the eminent domain proceedings, plaintiff's voluntary compromise and settlement of the case for consideration barred him from raising the issues that could have otherwise been raised before the trial court. (*Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 523.) A compromise is defined as:

" '[A]n arrangement arrived at either in court or out of court, for settling a dispute on what appear to the parties to be equi-

table terms, having regard to the uncertainty they are [found] in regarding the facts, or the law and the facts together ***.' (11 Ill. L. & Prac. *Compromise & Settlement* sec. 2 (1981).) Because they promote peace and discourage needless litigation, public policy favors compromises and settlements, and a presumption of validity arises when they are created [citation], and in the absence of mistake or fraud, the agreement is conclusive on the parties as to all matters included therein [citation]. A valid compromise is in the nature of a contract and operates as a merger of all included claims, as well as a bar thereto." (*In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338, 357-58.) Further, the belated discovery of a new theory by plaintiff's attorney does not constitute a mistake sufficient to set aside such an agreement. (*Thatcher v. Eichelberger* (1981), 102 Ill. App. 3d 231, 237.) After compromising his disputed claims, plaintiff's only remedy is based upon the settlement contract itself. *Fred W. Wolf Co. v. Salem* (1889), 33 Ill. App. 614, 618.

In sum, we hold that the eminent domain proceedings available to plaintiff were sufficient to satisfy due-process requirements and plaintiff's failure to timely object in those proceedings did not result in a "deprivation" of his rights such that he could not state a cause of action under section 1983. Plaintiff's actions in abandoning those proceedings and in voluntarily entering into a compromise and settlement of the disputed claims resulted in a waiver of his rights, and he is now barred from further pursuing them by means of a collateral proceeding. We do not condone plaintiff's attempt to fabricate a section 1983 cause of action out of his failure to timely assert his rights during the condemnation proceedings. See generally *Coniston Corp. v. Village of Hoffman Estates* (7th Cir. 1988), 844 F.2d 461.

In conclusion, in view of plaintiff's failure to tender an amended complaint, the trial court did not err in denying plaintiff's motion to file an amended complaint. *Dick v. Gursoy* (1984), 124 Ill. App. 3d 185, 187; *Hassiepen v. Marcin* (1974), 22 Ill. App. 3d 433, 436.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

INGLIS and DUNN, JJ., concur.