THE LAKE COUNTY FOREST PRESERVE DISTRICT, Plaintiff-Appellant, v. FIRST NATIONAL BANK OF WAUKEGAN, as Trustee, *et al.*, Defendants-Appellees.

Second District   No. 2—90—0678

Opinion filed May 8, 1991.—Rehearing denied June 11, 1991.

Kurt D. Lloyd and William A. Cogley, both of Donald T. Morrison & Associates, P.C., of Waukegan (Joseph T. Morrison, of counsel), for appellant.

Robert Emmett Nolan, of Nolan, O'Malley & Dunne, of Chicago, and Conzelman, Snarski & Stepanich, of Waukegan, for appellee Joseph Drobnick.

Conzelman, Snarski & Stepanich, and Peter F. LoMonaco, of Rawles, McKeown & LoMonaco, both of Waukegan (Thomas P. Stepanich, of counsel), for other appellees.

Donald M. Lonchar, Jr., of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan (Thomas A. Morris, Jr., of counsel), for Community Unit School District 60.

JUSTICE DUNN delivered the opinion of the court:

This appeal involves an action in eminent domain. The plaintiff, Lake County Forest Preserve District (District), appeals from a trial court order·dismissing its petition to condemn certain real estate belonging to the defendant landowners.

The District raises three issues on appeal: (1) whether the trial court erred in granting the City of Waukegan (City) and Community Unit School District No. 60 leave to intervene; (2) whether the trial court erred in permitting the City of Waukegan to file its motion to reconsider or, in the alternative, to dismiss after the court-imposed deadline for filing motions; and (3) whether the trial court erred in granting the defendant's motion to dismiss. We reverse and remand.

Over a period of approximately 15 years, the Lake County Forest Preserve District has been acquiring land for an urban forest preserve known as Greenbelt Forest Preserve. The District has acquired over 500 acres for this purpose and has developed the land with trails, a

lake and picnic facilities. This case involves the efforts of the District to acquire two additional parcels for the Greenbelt Forest Preserve known as GE-344 and GE-345.

In 1984, the District filed eminent domain actions to acquire parcels known as GE-343, GE-344, and GE-345. In 1986, at the request of the owners of that property and the City of Waukegan, the District elected to abandon these proceedings. The District adopted a resolution, dated January 24, 1986, stating in relevant part:

> "WHEREAS, these several defendants have stipulated and agreed to waive all costs and fees and to pay the sum of $8,000 to the Forest Preserve District as and for the District's costs and fees in connection with such condemnation actions upon stipulation and agreement that the Petitions to Condemn be dismissed on the motion of the defendants, and
>
> WHEREAS, it is no longer necessary and desirable to acquire such properties for public purposes."

After this resolution, the defendants paid the $8,000 in costs and fees, and the court entered an order of dismissal on February 13, 1986.

On August 21, 1987, the District adopted a resolution to acquire parcels GE-344 and GE-345. The owners of these parcels were sent letters in which the District offered to purchase the subject properties. The owners never responded to these letters, and on January 15, 1988, a petition to condemn was filed on both parcels.

On August 26, 1988, defendant Joseph Drobnick filed a motion to dismiss and traverse the condemnation complaints. In that motion, defendant claimed that, because these parcels had been included in the previous eminent domain proceeding filed by the District which had been voluntarily dismissed upon the payment of $8,000 in costs and fees by the defendants, the District was barred from refiling the action. Defendant claimed the agreement constituted a bilateral contract and that the filing of the current condemnation suit was a direct attempt by the District to abrogate this contract.

On November 21, 1988, the City of Waukegan filed a petition for leave to intervene. In its petition, the City alleged ownership of certain easements on the subject property. The trial court granted the City leave to intervene over the objection of the District. On November 22, 1988, the City filed a motion for dismissal, alleging that the agreement in the prior condemnation proceeding, between the District and the defendant, barred the District from refiling its petitions concerning these parcels.

All pending motions proceeded to hearing on December 13, 1988. The trial court heard argument on the defendant's motion to traverse

and dismiss. On May 17, 1989, the court issued an order denying the motion to dismiss, stating that the dismissal of a pending action in eminent domain means only that if a second action is filed, the second filing date will be the date of valuation. The court stated further that the actions of the District, including the withdrawal of its suit without prejudice, cannot be held to be a binding contract. The court added that at no time did the District state that it would never find it necessary or desirable to acquire the property in question. The matter was set for trial on January 16, 1990.

Subsequently, the City requested leave to file a motion to reconsider or, in the alternative, to dismiss. The trial court granted leave. Argument was heard on the City's motion on December 13, 1989. The City argued that the District was barred from refiling the present condemnation proceeding because it failed to pay the costs incurred by the defendants in the prior proceeding. The City cited *Commissioners of Lincoln Park v. Schmidt* (1944), 386 Ill. 550, as authority for the proposition that where a public body fails to pay these costs, it cannot refile an action seeking to condemn the property in issue. On the same occasion, the Community Unit School District No. 60, Lake County, Illinois, was granted leave to intervene and join in the motion to dismiss. The landowners orally joined in the motion as well.

On May 25, 1990, the trial court entered an order reconsidering its previous order of May 17, 1989, and granting the defendant's motion to traverse and dismiss, originally filed on August 26, 1988. The court based its order on the *Schmidt* case cited by the City. The court stated that, because the District had failed to pay the costs incurred by the defendant in the previous condemnation proceeding, it was barred from refiling the present petition. The District timely appeals.

The first issue raised by the District on appeal is whether the trial court erred in allowing the City of Waukegan and Community Unit School District No. 60 to intervene as defendants in the action. The District asserts that both the City and the School District lack the interest in the subject property necessary for standing in this condemnation action. We agree with the District that the school district did not have a sufficient interest in the subject property to give it standing to intervene in this action. However, the trial court was correct in finding that the City of Waukegan had a sufficient interest in the subject property to grant it standing to intervene under the statute.

■ The eminent domain statute contains its own provision regarding when intervention shall be permitted. That provision states:

"Any person not made a party may become such by filing an intervening petition, setting forth that the petitioner is the

owner or has an interest in property, and which will be taken or damaged by the proposed work; and the rights of such petitioner shall thereupon be fully considered and determined." Ill. Rev. Stat. 1987, ch. 110, par. 7—124.

In its petition for leave to intervene, the City of Waukegan alleged ownership of an easement for water and sewer running through the subject properties and ownership in a water line running through one of the parcels. Easements are considered substantial property interests, and, as such, the City had standing to intervene in the condemnation action. *Department of Public Works & Buildings v. Schmauss* (1972), 6 Ill. App. 3d 470, 473.

However, the school district merely alleged the subject property was located within its district boundaries and that the Thomas Jefferson Junior High School, located adjacent to the subject property, would be greatly and directly affected by the condemnation of that property. The school district alleged the removal of that property from the Lake County tax rolls would deny the district future real estate tax revenue therefrom, causing serious harm and damage to the district's financial position. We do not find these interests sufficient to give it standing. We do not believe these interests to be of the kind contemplated by the statute.

In order to challenge a taking, one must have a property interest affected, and one not alleging a property interest affected has no standing to challenge a taking. (*City of Crystal Lake v. La Salle National Bank* (1984), 121 Ill. App. 3d 346, 355; *Midwest Television, Inc. v. Champaign-Urbana Communications, Inc.* (1976), 37 Ill. App. 3d 926, 934-35.) The trial court erred in granting the school district leave to intervene; therefore, the school district cannot be considered a party to this action.

However, a nonparty has standing to appeal if he or she has a direct and substantial interest in the subject matter which would be prejudiced by the judgment or benefitted by its reversal. (*Highland Park Women's Club v. Department of Revenue* (1990), 206 Ill. App. 3d 447, 462-63.) Our supreme court has held that individual property taxpayers do not have standing to file lawsuits in the circuit court to force the return of exempt parcels to the tax rolls because their interest in the taxation of any parcel of exempt property is extremely remote. (*Schlenz v. Castle* (1986), 115 Ill. 2d 135, 144.) We find the school district's position in the present case to be analogous. The school district's interest in receiving tax revenue from the subject property is too remote to provide standing to appeal. Therefore, the school district's appeal in the present case is dismissed.

The second issue raised on appeal is whether the trial court erred in permitting the City of Waukegan to file a motion to reconsider or, in the alternative, to dismiss after the court's own deadline for filing such motions had passed. We find the trial court properly acted within its discretion in permitting the City to file its motion to reconsider after the court-imposed deadline.

■ Our supreme court has held that a trial court may impose a deadline for filing challenges to condemnation petitions. (*Chicago Land Clearance Comm'n v. Rosenau* (1957), 10 Ill. 2d 501.) The supreme court found that setting such a deadline is an acceptable exercise of the court's discretion because it promotes the interests of judicial control and judicial efficiency. This court has found that it is important for a trial court to be able to control its calendar and to minimize the retrying of issues. (*Lake County Forest Preserve District v. First National Bank* (1987), 154 Ill. App. 3d 45, 50.) In that case, involving the same parties as the present case, we held that the day-to-day decisions about such matters, when not imposed by statute or rule, are within the province of each trial judge.

In the present case the trial court imposed a September 14, 1988, deadline for filing any further motions to dismiss or traverse. The City of Waukegan was granted leave to intervene in the matter on November 21, 1988, well past the filing deadline. On December 13, 1988, the court held an evidentiary hearing on all previously filed motions to traverse and dismiss. These motions consisted of a two-count motion filed by defendant Drobnick and a motion to dismiss filed by the City of Waukegan. After this hearing, the court entered an order denying the various motions to dismiss and traverse on May 17, 1989. The matter was set for trial on January 16, 1990.

On December 1, 1989, the City sought leave to file its motion to reconsider or in the alternative to dismiss. This motion raised an issue that had not been raised in the previous motions to dismiss. The trial court permitted the City to file the motion. Now, on appeal, the District claims the trial court should not have permitted the City to file this motion because it was past the court-imposed deadline of September 14, 1988. We find the trial court properly acted within its discretion in permitting the City to file this motion.

■ The City of Waukegan did not intervene in this action until after the deadline had passed. Given this circumstance, the court was certainly acting within its discretion in permitting additional motions to dismiss to be filed. The decision of the trial court to impose a deadline for the filing of motions to dismiss and traverse was made for the sake of judicial economy. It was not imposed by statute or rule, but

imposed in the judge's own discretion. As such, the judge retains the discretion to alter or remove the deadline.

The last issue on appeal is whether the trial court erred in granting the City's motion to dismiss. In its motion, the City cited the supreme court's opinion in *Commissioners of Lincoln Park v. Schmidt* (1944), 386 Ill. 550, for the proposition that the District may not refile a condemnation petition against the subject property because it failed to pay the costs, fees and expenses incurred by the defendant in the prior proceeding. The City states:

"Said opinion specifically holds that where a public body fails to pay the costs, expenses and attorney's fees incurred by the condemnee, the public body cannot refile a new action seeking to condemn the property."

Based on this motion, the court issued an order reconsidering its prior denial of the defendant's motion to dismiss. The court stated that, based on the *Schmidt* case, the District was barred from refiling its condemnation petition concerning the subject property because it had never paid the defendant's costs. We disagree with the trial court's ruling.

In its motion to reconsider or, in the alternative, to dismiss, the City misstated the holding in *Schmidt*. The holding in that case concerned whether the statutory right to receive attorney fees and costs upon dismissal or nonpayment of judgment abated upon the death of the owner of the property or whether it survived in favor of his or her executors. In explaining why attorney fees and costs are awarded upon dismissal in the first place, the court stated that, unlike a defendant in an ordinary lawsuit, the owner of land taken in eminent domain has not brought the trouble upon himself. (*Schmidt*, 386 Ill. at 563.) The court reasoned that, because a condemnor can dismiss a petition at will or refuse to pay a judgment even after it is affirmed, then immediately file another suit in an attempt to get the same land more cheaply, again dismiss, and, conceivably, on *ad infinitum*, the award of fees and costs is necessary to prevent the abuses which could result. *Schmidt*, 386 Ill. at 563.

The City quoted the following language from *Schmidt*:

"The right to dismiss or abandon provided under section 10 [now section 7—123] is conditioned upon payment of certain costs. This condition must be fulfilled." (*Schmidt*, 386 Ill. at 565.)

The City argues that this language is unconditional and that because the District did not pay the fees and costs incurred by the defendant

in the prior condemnation proceeding, it is barred from refiling its petition against the subject property.

■■ However, both the City and the trial court failed to address the fact that the award of these costs and fees is not automatic. The holding in *Schmidt* requires that fees be paid *only if such fees were requested* by the defendants as required by statute. Unlike the defendants in the present case, the defendants in *Schmidt* filed a formal written application for attorney fees and costs in accordance with the statute. Section 7—123, providing for the award of these costs, states in pertinent part:

> "If in such case the plaintiff dismisses the complaint *** or fails to make payment of full compensation within the time named in such order, or if the final judgment is that the plaintiff cannot acquire the property by condemnation, the court shall, *upon the application of the defendants* or any of them, enter such order in such action for the payment by the plaintiff of all costs, expenses and reasonable attorney fees ***." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 110, par. 7—123(a).

In the present case, the District and the defendants reached an agreement in the prior condemnation proceeding in which the District would dismiss the action upon the payment of its costs by the defendants. The defendants never requested the payment of their fees, as necessary to the award of fees under the statute. As such, the right to receive those fees was waived.

The defendants entered into an agreement with the District. They were represented by counsel. They should have been aware of their rights under the circumstances. They bargained away their right to receive the costs and fees incurred in order to convince the District to dismiss the suit. Now, they cannot claim that this lack of payment bars the District from refiling the present action. The statute is clear. The payment of these fees will be awarded "upon application of the defendants." Not only did the defendants in this case fail to apply to recover their costs and fees, they affirmatively waived this right by striking the agreement with the District.

On appeal, defendants claim the act of refiling this proceeding less than two years from the date of the agreement constitutes bad faith on the part of the District. This argument is simply without merit.

The motion to dismiss filed August 26, 1988, alleged that the agreement reached between the District and the defendants constituted a binding contract. In support of this contention, the defendants cite *City of Crystal Lake v. La Salle National Bank* (1984), 121 Ill.

App. 3d 346. Defendants further alleged the actions of the District in refiling the condemnation petitions were in direct abrogation of this contract. After a careful examination of the holding in *Crystal Lake*, the trial judge found no contract to exist between the District and the defendants. He denied the motion to dismiss.

We agree with the trial court's analysis. In *Crystal Lake*, this court recognized that a settlement may be reached in a condemnation action, which will have the authority of not merely a private contract but of a court judgment, when incorporated into a decree of condemnation. (*Crystal Lake*, 121 Ill. App. 3d at 356.) However, in the case at bar, there was no decree of condemnation. The District simply adopted a resolution dismissing the action in return for $8,000 in costs to be paid by the defendants. Nowhere did this resolution state the District would not find it necessary or desirable in the future to reinstitute the action, nor did the resolution contain a promise not to do so if it did become necessary and desirable to acquire the property. The defendants have failed to establish that there was any contract actually entered into between the parties.

Nor is there evidence of bad faith on the part of the District. The District waited almost two years before reinstituting the present action. This action involves only two of the three parcels at issue in the previous case. In addition, there was testimony at the evidentiary hearing that the drainage problems in that area, present at the time of the previous proceeding, had been exacerbated by the development of a new commercial shopping center immediately across the street from the subject property. The testimony indicated that the proposed lakes shown in the District's plan, which would be located on parcels at issue, would help improve the flooding conditions in that area. The defendants have shown no evidence of bad faith on the part of the District.

Accordingly, the judgment of the circuit court of Lake County is reversed and this cause remanded for further proceedings.

Reversed and remanded.

REINHARD, P.J., and NICKELS, J., concur.