JOSEPH SCHWEBL, JR., Plaintiff-Appellant, v. HENRY H. SEIFER *et al.*, Defendants-Appellees.

Second District   No. 2—90—0393

Opinion filed February 6, 1991.

Scott A. Nolan, of McHenry, for appellant.

Patrick D. Coen, of Militello, Zanck & Coen, of Crystal Lake, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff, Joseph Schwebl, Jr., appeals from an order of the circuit court of McHenry County granting summary judgment to defendants, Henry H. Seifer and June Seifer, on counts I and II of his complaint for declaratory judgment and injunctive relief. The sole issue raised is whether the granting of summary judgment was proper. We affirm the order of the trial court.

The complaint and the exhibits attached thereto allege the following facts. In 1973, plaintiff acquired real property in McHenry County described as follows: "[t]he South 180.1 feet of the Southeast Fraction of

the Fractional Southeast Quarter of Section 12, Township 44 North, Range 8 East of the Third Principal Meridian, in McHenry County, Illinois." Under the original plat of Bolger and Allen's Fernwood subdivision, the plat of the first addition to that subdivision and the plats of vacation and dedication, Fernwood Drive (formerly River Road) ran southward all the way to the north line of plaintiff's property. In 1975, there was a resubdivision of lots in the original Fernwood subdivision. Out of the resubdivision, a new lot 1 was created from old lots 18, 19 and that portion of Fernwood Drive running south of lot 18 to the north line of plaintiff's property; lots 30, 29, and part of 28 were combined as new lot 2; and lots 27 and part of 28 were "dedicated" as the continuation of Fernwood Drive south to the north line of plaintiff's property. It is undisputed that the dedication of Fernwood Drive was never formally accepted by McHenry County, nor has it been maintained by McHenry County.

In 1985, defendants acquired new lots 1 and 2 which had been created by the 1975 resubdivision. It is undisputed that plaintiff's property is not part of the defendant's subdivision. On or around August 12, 1987, defendants placed a chain across Fernwood Drive from the north property line of new lot 1 to the north property line of new lot 2, which barred access to plaintiff's property via Fernwood Drive. Plaintiff requested that defendants remove the chain, but defendants refused to do so.

Plaintiff thereupon filed the instant lawsuit. Count I of the complaint sought a declaratory judgment to the effect that defendants had no legal authority to erect a chain across Fernwood Drive. Count II sought injunctive relief to remove the chain. Count III sought a declaratory judgment as to the existence of an easement over new lot 2. Count III is still pending in the trial court and is not part of this appeal. Defendants filed an answer to the complaint and an affirmative defense. Defendants then filed a motion for summary judgment as to counts I and II of the complaint. The trial court granted the motion, and plaintiff now brings this appeal.

■■ ■ "A motion for summary judgment should be granted where there is no genuine issue as to any material fact. The court is to determine the existence or absence of a genuine issue as to any material fact from the affidavits, depositions, admissions, exhibits and pleadings in the case. [Citations.] The facts to be considered by the court are evidentiary facts. [Citation.] Even though a complaint and answer may purport to raise issues of material fact, if such issues are not further supported by evidentiary facts through affidavits or such, summary judgment is then appropriate. [Citation.] If the party moving for summary judgment

supplies such facts which, if not contradicted, would entitle such a party to a judgment as a matter of law, the opposing party cannot rely upon his complaint or answer alone to raise genuine issues of material fact." *Carruthers v. B.C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380.

Summary judgment was properly granted in this case if the defendants established as a matter of law that they had a legal right to bar plaintiff's use of Fernwood Drive. Plaintiff contends that defendants have no such legal right since there has been a statutory dedication of Fernwood Drive and that, since Fernwood Drive was platted as a street, it must be used for that purpose. Finally, plaintiff charges that defendants are guilty of unclean hands.

The parties are in agreement that Fernwood Drive is a dedicated road as indicated on the plat of dedication filed at the same time as the plat of resubdivision of the Fernwood subdivision in 1975. They further agree that the dedication was never formerly accepted by the County of McHenry.

A statutory dedication is not complete until the public entity to which the property is dedicated accepts such dedication. (*Water Products Co. of Illinois, Inc. v. Gabel* (1983), 120 Ill. App. 3d 668, 672.) Mere approval of the plat dedication does not constitute such public acceptance. (*Water Products*, 120 Ill. App. 3d at 672.) Regardless of whether a common law or statutory dedication is involved, when no formal act of acceptance has taken place, acceptance must be evidenced by some act, such as use or maintenance of the property which is the subject of the dedication by the public authority. *Pilgrim v. Chamberlain* (1968), 91 Ill. App. 2d 233.

In *McCue v. Berge* (1944), 385 Ill. 292, our supreme court stated as follows:

> "The rule deducible from the authorities cited is that each case is dependent upon its own facts, the determining factor being the intention on the part of a municipality, either to accept in full or to abandon some portion or all of the project. In *Trustees of Schools v. Dassow* [(1926)], 321 Ill. 346, the argument was advanced that because no ordinance was passed by the village of Chatsworth accepting a plat, no acceptance was shown. This court held, however, that acceptance was demonstrated by user, and that 'it is not required, in order to indicate an acceptance of a plat that a city or village shall make immediate use of all of the streets shown thereon. Streets in an addition may be opened up and developed as the growth of the city or village in that locality requires. *** Acceptance of streets by a city or village may be shown by the affirmative act of taking possession thereof for pur-

poses of placing water mains or sewers therein or by the general user by the public for a considerable period of time.' Again, in the absence of a contrary intention, acceptance by a municipality of the principal portion or nearly all of the streets of a subdivision raises a presumption of acceptance by it of all the streets in the subdivision." (385 Ill. at 301.)

The *McCue* court went on to note that there was evidence of continued public use of at least part of dedicated land. The use also extended beyond the improved or traveled portion in that there was evidence that the grass and weeds were mowed and cut by the commissioner of highways. 385 Ill. at 302.

Attached to defendants' motion for summary judgment was the affidavit of Edward Dvork, road district commissioner, in which he stated that Fernwood Drive was not maintained by the County of McHenry. In his complaint, plaintiff admitted that Fernwood Drive was not maintained by the county. In his reply to the defendants' affirmative defense, plaintiff admitted that Fernwood Drive had not been improved with a road surface but denied defendants' allegation that the road had "not been used or attempted to be used from 1975 through the present." In his answers to defendants' written interrogatories, plaintiff gave the names of several of his family and/or friends that used the road as access to his property. However, no affidavits regarding the use of the roadway by these individuals were attached to plaintiff's response to the motion for summary judgment.

■■ ■ Even though a party opposing a motion for summary judgment fails to file counteraffidavits, the movant is not entitled to summary judgment unless his motion and supporting affidavits establish his right to summary judgment as a matter of law. (*Komater v. Kenton Court Associates* (1986), 151 Ill. App. 3d 632, 636.) In light of the affidavit furnished by defendants and plaintiff's admissions and his failure to support his allegation that his family and friends used Fernwood Drive with facts establishing their use of the road, plaintiff has not raised a genuine issue of material fact as to whether the County of McHenry accepted the dedication of Fernwood Drive, and the trial court could properly determine as a matter of law that no such acceptance had taken place.

Plaintiff also makes the argument that, even if no acceptance of the offer of dedication by the county has taken place, the offer remains open and cannot be withdrawn. (See *Village of Joppa v. Chicago & Eastern Illinois R.R. Co.* (1977), 51 Ill. App. 3d 674, 680, citing *Russell v. City of Lincoln* (1902), 200 Ill. 511, 518.) Plaintiff reasons therefore that the county may still accept the offer of dedication of Fernwood Drive. Plain-

tiff cites two cases in which the offer of dedication was accepted years after the offer of dedication was made. (See *Water Products Co. of Illinois, Inc.*, 120 Ill. App. 3d 668 (eight years)); *Village of Joppa*, 51 Ill. App. 3d 674 (30 years).) However, in both cases, the public body had accepted the offer of dedication, and no issue was raised as to the ability of the public body to accept the offer years after it was made.

A statutory dedication occurs when the owner of the property files or records a plat which marks or notes on the plat a portion of the premises as donated or granted to the public; it results in a conveyance of the dedicated portion in fee simple to the public. (*Water Products Co. of Illinois, Inc.*, 120 Ill. App. 3d at 672.) Although the dedicated portion is conveyed in fee simple, and the municipality holds the street in trust for the uses and purposes set forth or intended (Ill. Rev. Stat. 1989, ch. 109, par. 3), the fee title vests in the municipality only when accepted. (*Water Products Co. of Illinois, Inc.*, 120 Ill. App. 3d at 672.) Until acceptance the fee remains with the original proprietors or their successors in interest. However, the fee is not absolute, but it is burdened with the offer of dedication which has been made but not accepted. 120 Ill. App. 3d at 672.

Plaintiff contends that, since Fernwood Drive was platted as a road, he has the right to have it remain open for his use and that of the public, regardless of whether the county accepted the offer of dedication. (*Bond v. Dunmire* (1984), 129 Ill. App. 3d 796, 811.) In *Bond v. Dunmire*, the court discussed at great length the case of *Welter v. Eaton* (1937), 366 Ill. 143. In *Welter*, both the Welters and the Eatons had purchased platted lots in the same subdivision. Eatons erected or repaired fences on their property which blocked certain platted streets in the subdivision. Welters sought an injunction to compel Eatons to remove the fences. The Welters argued that, having purchased their lots in the subdivision in accordance with the plat, their grantor and his privies were estopped from closing the road shown on the plat as highways. Eatons argued and the trial court found that the roads in the subdivision had not been been accepted by the authorities, had not been used or traveled by the public, and the obstruction of the streets had not prevented or hindered access from Welters' property, and, further, since Welters' property did not abut the road, they sustained no special damages and had no right to prevent the closing of the road.

In reversing the order dissolving the temporary injunction, the appellate court recognized the different rules applicable to the actions of the public authorities and to those of the grantor of a platted subdivision or his privies. The latter is the situation before this court. The trial court quoted the following from *Zearing v. Raber* (1874), 74 Ill. 409, 412:

" 'If the owner of land lays out and establishes a town, and makes and exhibits a plan of the town, with various plats of spare ground, such as streets, alleys, quays, etc., and sells the lots with clear reference to that plan, the purchasers of the lots acquire, as appurtenant to their lots, every easement, privilege and advantage which the plan represents as belonging to them as a part of the town, or to their owners as citizens of the town. And the right thus passing to the purchasers is not the mere right that such purchaser may use these streets, or other public places, according to their appropriate purposes, but a right vesting in the purchasers, that all persons, whatever, as their occasion may require or invite, may so use them; in other words, the sale and conveyance of lots in the town, and according to its plan, imply a grant or covenant to the purchasers, that the streets and other public places, indicated as such upon the plan, shall be forever open to the use of the public, free from all claim or interference of the proprietor inconsistent with such use.' " (*Welter*, 366 Ill. at 416.)

The *Welter* court also rejected the argument that the rule of *Zearing* required that Welters' property abutted the highway in question.

■■ Thus, the rule of *Welter* is that between the author of the plat, or his privies and others who purchase in the subdivision with reference to the plat, the latter have a right to have the tracts marked thereon as roadways kept open for their use and the use of the public. (*Bond*, 129 Ill. App. 3d at 811.) In this case, plaintiff admits that his property is not part of the subdivision. As we read *Bond* and *Welter*, the use of the road is for the public, as well as the property owners in the subdivision, but the right to bring legal action to insure that the roadways are kept open is reserved to the property owners in the platted subdivision.

■■ The record here establishes as a matter of law that plaintiff had no standing to bring a legal action to compel defendants to remove the chain blocking plaintiff's access to Fernwood Drive because plaintiff's land was not in the subdivision that established Fernwood Drive.

■■ Finally, plaintiff contends that defendants are guilty of unclean hands. Plaintiff has failed to offer any authority for this argument, and, therefore, it is waived. 134 Ill. 2d R. 341(e)(7).

The judgment of the circuit court is affirmed.

Affirmed.

UNVERZAGT and DUNN, JJ., concur.