# Illinois Official Reports

## Appellate Court

---

### *Crampton v. Crampton*, 2017 IL App (3d) 160402

---

| | |
|---|---|
| Appellate Court Caption | RONALD CRAMPTON, JODY BORGMAN, RENE COUNCIL, SAMANTHA SWEENEY, and CASSIE SWEENEY, Plaintiffs-Appellants, v. WILLIAM CRAMPTON and ROBERT CRAMPTON, Defendants-Appellees. |
| District & No. | Third District<br>Docket No. 3-16-0402 |
| Filed | November 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Whiteside County, No. 15-CH-18; the Hon. John L. Hauptman, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Philip E. Koenig, of Rock Island, for appellants.<br><br>Walter C. Kilgus and Sydney R. Morgan, of Nelson, Kilgus, Richey & Buckwalter-Schurman, of Morrison, for appellees. |
| Panel | JUSTICE SCHMIDT delivered the judgment of the court, with opinion.<br>Justices McDade and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiffs are two of the decedent's surviving children (Ronald Crampton and Jody Borgman) and three of her surviving grandchildren (Rene Council, Samantha Sweeney, and Cassie Sweeney). They filed suit against William and Robert Crampton, who are also the decedent's children. Plaintiffs seek to set aside the decedent's living trust. They allege that Robert unduly influenced the decedent to execute estate documents that devised all of her property to him. Defendants moved to dismiss the complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2014)). Their motion argued that plaintiffs failed to plead facts sufficient to set forth a cause of action for undue influence. Plaintiffs appeal the Whiteside County circuit court's order dismissing the complaint.

¶ 2                                    BACKGROUND

¶ 3    Plaintiffs filed their complaint to set aside the trust on February 23, 2015. The decedent, Ruth Crampton, passed away on September 27, 2013. Four children survived her: Ronald Crampton (plaintiff), Jody Borgman (plaintiff), Robert Crampton (defendant), and William Crampton (defendant). Two of Ruth's children, including Loretta Crampton Meeker, predeceased her; however, Loretta's three surviving children are also plaintiffs in this case. Plaintiffs attached Ruth's estate documents to their complaint.

¶ 4    Ruth executed her estate documents on January 2, 2013. She named Robert as her power of attorney, executor, and trustee of her revocable living trust. She named Jody as Robert's successor. Ruth's will devised all of her personal property to Robert, or to Jody if Robert predeceased his mother. Ruth conveyed the residue of her estate to her trust.

¶ 5    On December 17, 2013, Robert, acting as trustee, conveyed the trust property to himself. On February 10, 2014, Robert conveyed the former trust property to William by quitclaim deed. Ruth's other children and grandchildren received nothing from her estate.

¶ 6    Plaintiffs subsequently filed an amended complaint on March 28, 2016. It alleged the following relevant facts: Robert lived with Ruth from 2005 until her death; Ruth depended on Robert to assist with her health care and business matters; Robert and Ruth shared a joint bank account to which only Ruth contributed; Robert also had Ruth's card and personal identification number (PIN) to access her bank account; as a result of Ruth's reliance on Robert, he became the dominant party in their relationship; Robert secured a lawyer's services to prepare estate documents that devised all of Ruth's property to Robert; Robert sat next to Ruth when she executed her will, trust, and deed; Robert exploited his dominant relationship with Ruth in breach of their fiduciary relationship; Robert exerted undue influence over Ruth when she executed her estate documents.

¶ 7    Defendants filed a motion to dismiss on April 18, 2016. Although defendants sought dismissal pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2014)), they submitted affidavits in support of their motion. Plaintiffs responded with counteraffidavits. Defendants stipulated in the trial court and on appeal that they filed their motion to dismiss pursuant to section 2-615. Because section 2-615 addresses only *facial* pleading defects, the affidavits are irrelevant.

¶ 8    The trial court dismissed the amended complaint with prejudice on June 16, 2016. We reverse the trial court's judgment.

¶ 9                                    ANALYSIS

¶ 10   We review *de novo* the trial court's order granting defendants' section 2-615 motion to dismiss. *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). A section 2-615 motion challenges the legal sufficiency of a complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). In reviewing section 2-615 motions, we accept as true all well-pled facts and "all inferences that may reasonably be drawn in the plaintiff's favor." *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97 (2004). A section 2-615 motion can prevail only where it is clearly apparent that the plaintiff cannot prove, by any set of facts, the necessary elements of the action. *Canel v. Topinka*, 212 Ill. 2d 311, 318 (2004).

¶ 11   Illinois is a fact-pleading jurisdiction; plaintiffs must allege facts sufficient to state a legally cognizable cause of action. *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 451 (2004). Although plaintiffs are not required to present evidence in the complaint (*Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003)), mere conclusions of law or fact are insufficient. See *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 408 (1996). In determining a complaint's sufficiency, courts must disregard unsupported conclusions and inferences within the pleading. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 426 (1981). Exhibits attached to complaints constitute part of its pleadings. See 735 ILCS 5/2-606 (West 2014); *Evers v. Edward Hospital Ass'n*, 247 Ill. App. 3d 717, 724 (1993).

¶ 12   Defendants argue that plaintiffs' amended complaint pleads unsupported conclusions that we may not consider in determining its sufficiency: "After stripping the Plaintiff's [*sic*] pleading of unsupported conclusions and inferences there remain no sufficient facts to sustain a cause of action." We disagree.

¶ 13              I. Whether Plaintiffs' Amended Complaint Pleads Facts

¶ 14   Plaintiffs are not required to plead precise details when the necessary information is within the defendant's knowledge or control. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 110 (1996). "This rule *** recognizes that, where the defendants have most of the pertinent information in their possession, they do not have to rely primarily on the facts stated in the complaint *** since they can easily determine the specific details for themselves." *Id.*

¶ 15   The amended complaint, including its exhibits, alleges that Robert lived with Ruth from 2005 until her death in 2013. During this time, Ruth depended upon Robert for her basic health care needs and business matters. Robert shared a joint bank account with Ruth and accessed Ruth's personal bank account. Robert secured a lawyer to prepare decedent's estate documents. Robert sat next to Ruth when she executed the documents approximately nine months before her death. Ruth conferred all of her personal property to Robert and the residue of her estate to her living trust. Ruth appointed Robert as trustee. Ruth did not name her other children or grandchildren as trust beneficiaries. Less than two months after Ruth's death, Robert used his position as trustee to convey the trust property to himself. Less than two months later, Robert conveyed the former trust property to William.

¶ 16   These are allegations of fact. Their veracity is irrelevant to a section 2-615 motion—we must assume they are true. Specific details such as account numbers and specific interactions

between Ruth and Robert are within Robert's knowledge or control. See *id.* at 111. Plaintiffs are not required to accumulate evidence and plead every specific detail of their case; that is why parties engage in discovery. Defendants may rebut or disprove plaintiffs' allegations, or even claim that the pleadings are frivolous, but a section 2-615 motion is not the vehicle for doing so.

¶ 17    We consider all of the amended complaint's factual allegations to determine whether it states a cause of action for undue influence.

¶ 18                II. Whether Plaintiffs' Amended Complaint States
                        a Cause of Action for Undue Influence

¶ 19    Our supreme court has defined undue influence as "any improper *** urgency of persuasion whereby the will of a person is over-powered and he is induced to do or forebear an act which he would not do or would do if left to act freely." (Internal quotation marks omitted.) *In re Estate of Hoover*, 155 Ill. 2d 402, 411 (1993). The influence must "destroy the testator's freedom concerning the disposition of his estate and render his will that of another." (Internal quotation marks omitted.) *Id.* What constitutes undue influence is not and cannot be specifically defined—we must evaluate the circumstances of each case. *Id.* at 411-12.

¶ 20    One circumstance in which a complaint sufficiently pleads undue influence is where (1) the testator and a person who receives a substantial benefit from the estate are engaged in a fiduciary relationship, (2) the beneficiary is the dominant party in that relationship, (3) the testator trusts and confides in the beneficiary, and (4) the will is prepared by or its preparation is procured by the beneficiary. *DeHart v. DeHart*, 2013 IL 114137, ¶ 30.

¶ 21    A fiduciary relationship is one "in which one person is under a duty to act for the benefit of another on matters within the scope of the relationship." Black's Law Dictionary 1402 (9th ed. 2009). A person acts as a fiduciary when the person " 'handles money or property which is not his or her own, or for his or her own benefit, but for the benefit of the other person.' " *In re Estate of Baumgarten*, 2012 IL App (1st) 112155, ¶ 17 (quoting *In re Estate of Glogovsek*, 248 Ill. App. 3d 784, 792 (1993)). Several factors determine whether a fiduciary relationship exists, including the degree of kinship between the parties, the extent to which the "servient" party entrusted the "dominant" party to handle business affairs, and the disparity between the parties' age, health, mental condition, and business experience. *Id.* (citing *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 673 (1997)).

¶ 22    In *Baumgarten*, the decedent's children alleged that his wife unduly influenced him to amend his will and revocable trust shortly before his death. The court found no fiduciary relationship between the decedent and his wife—*their* finances comprised the decedent's estate. *Id.* ¶ 18. The court noted that the pleadings "generally describe[d] a husband relying on his wife during poor health during their later years." *Id.* ¶ 20.

¶ 23    Illinois courts have distinguished cases in which a decedent's *spouse* allegedly influences the decedent; "spouses influence each other for better or worse from the day they first date to the day they die or the divorce order is entered." *Glogovsek*, 248 Ill. App. 3d at 792. Additionally, our General Assembly has determined that no heir has an estate claim that is equal to or greater than that of a surviving spouse. See 755 ILCS 5/2-1, 2-8 (West 2014); *Glogovsek*, 248 Ill. App. 3d at 794 (citing *Beyers v. Billingsley*, 54 Ill. App. 3d 427, 436-37 (1977)).

- 4 -

¶ 24    The nature of spousal relationships and a spouse's statutory estate share distinguish *Baumgarten* from the instant case. Here, Ruth was Robert's mother. Her children held equal statutory claims to her estate (755 ILCS 5/2-1(b) (West 2014)), yet Robert received a substantially greater benefit—the entire estate.

¶ 25    The amended complaint alleges Robert lived with Ruth for approximately eight years preceding her death. Ruth trusted Robert and relied on him for her well-being. Robert accessed Ruth's bank accounts and handled her money. Robert was much younger, healthier, and more able to handle business matters than Ruth. These allegations sufficiently plead that Robert was the dominant party in the fiduciary relationship between him and Ruth prior to her death. See *DeHart*, 2013 IL 114137, ¶ 30.

¶ 26    The amended complaint also alleges that Ruth gave Robert her bank account's PIN and relied upon him for her medical care. We find these allegations sufficient to reasonably infer that Ruth trusted and confided in Robert to assist her with private matters such as her medical care and finances. See *id.*

¶ 27    On its face, plaintiffs' amended complaint pleads facts that allege Robert received a substantial benefit from Ruth's estate, Robert and Ruth were engaged in a fiduciary relationship prior to her death, Robert was the dominant party in the relationship, Ruth trusted and confided in Robert, and Robert procured a lawyer's services to plan Ruth's estate. These pleadings sufficiently allege a cause of action for undue influence. See *id.* The trial court erred in granting defendants' motion to dismiss.

¶ 28                                          CONCLUSION

¶ 29    For the foregoing reasons, we reverse the judgment of the circuit court of Whiteside County.

¶ 30    Reversed.