**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240536-U

Order filed August 28, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| DAVID APPS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-24-0536 |
| | ) | Circuit No. 23-CH-173 |
| | ) | |
| CRETE TOWNSHIP HIGHWAY | ) | Honorable |
| COMMISSIONER, TONY RECUPITO and | ) | John C. Anderson, |
| STACY BUKOWSKI, | ) | Judge, Presiding. |
| | ) | |
| Defendants-Appellees. | ) | |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Holdridge and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1　　*Held*:　Circuit court did not err in dismissing second amended complaint with prejudice against highway commissioner for failure to allege acts by a public authority to state a valid claim for implied acceptance of road dedication. Circuit court erred in dismissing action against alleged obstructing party with prejudice.

¶ 2　　This case involves the disputed acceptance of a statutory dedication and the related duty to control and manage a road within an undeveloped subdivision in Crete, Illinois. Plaintiff, David Apps, a homeowner in the subdivision, sought a judicial declaration that the road was legally

dedicated such that the Crete Township Highway Department was responsible for its upkeep. Relatedly, he sought a mandatory injunction directing the Crete Township Highway Commissioner, Tony Recupito, to enforce his right to access his property which he argued was encumbered by the intentional obstructive actions of an adjacent landowner, Stacy Bukowski. Apps also sought a mandatory injunction requiring that Bukowski repair the road and remove obstacles infringing upon his access. Defendants, Recupito and Bukowski, each filed combined motions to dismiss Apps's second amended complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code). Following a hearing, the circuit court dismissed the complaint with prejudice. Apps appeals from the court's dismissal order. We affirm in part, reverse in part, and remand the cause for further proceedings.

¶ 3                                I. BACKGROUND

¶ 4        Apps brought suit against Bukowski and Recupito in his official capacity as Crete Township Highway Commissioner on September 29, 2023, and filed an amended pleading five days later. He filed a second amended complaint for declaratory judgment and injunctive relief on March 20, 2024. According to Apps, he purchased property located at 26854 South Woodlawn Avenue in Crete, Illinois, in March 2020 that had been foreclosed upon. His property is one of several lots that was to comprise Jacobs Woods #3A subdivision (subdivision) which had been created pursuant to a plat recorded in February 1994.

¶ 5        The plat appended to his second amended complaint provided the proposed layout of the subdivision with respect to lot boundaries and depicted three streets. Wellington Drive was to run east to west and perpendicularly connects the subdivision to an existing thoroughfare, South Woodlawn Avenue. Apps contended that Wellington Drive provides the sole access to his property. Wellington Drive spans the length of two lots before it merges with Asbury Lane, which

was to run in a northerly direction. Asbury Lane concludes with a right hairpin turn and cul-de-sac, which was to be designated as Asbury Court. Apps's lot is located west of Asbury Lane just before it morphs into Asbury Court and is one of thirteen lots that flank these proposed streets.

¶ 6 Bukowski is the purported owner of the remaining lots in the subdivision, the rights of which she acquired via a tax sale in 2013. Apps alleged that since his purchase, Bukowski has altered Wellington Drive to a state that prevents access to his property and results in it being "land-locked." Near the time of Apps's purchase, Bukowski "placed a locked gateway" fortified with two tree trunks on either side along the path of Wellington Drive and "carved a deep trench into" the road. Approximately three years later, in 2023, Bukowski purportedly expanded a pond into the road and placed large barriers on its path. At some point between these actions, Bukowski allegedly removed the electrical poles in the subdivision which were to serve Apps's lot. Apps attached photographs to the pleading of a gate, a flooded and obstructed dirt path, and a disorganized heap of downed lumber to support his allegations.

¶ 7 The complaint contended that the Crete Township Highway Department is responsible for remediating Bukowski's impairments to Wellington Drive and enforcing Apps's legal right to access his property. The Crete Township Highway Department disagreed. After discovering Bukowski's conduct, Apps began contacting the "county at several different levels" to intervene and have Wellington Drive "reinstalled and opened" so that he may access his property. Once his request reached the Crete Township Highway Department, Recupito disclaimed responsibility purportedly stating, "the Township did not take possession of the roads as the subdivision was never completed."

¶ 8 The complaint refuted the highway department's disclaim. Apps asserted that the plat's recording pursuant to the Plat Act (765 ILCS 205/0.01 *et seq.* (West 2022)), which bore the then-

Crete Township Highway Commissioner Thomas Seehausen's signature, constituted adequate evidence of the township's "approval and acceptance." The second amended complaint also referred to a 1993 letter sent by Seehausen to a representative of the Will County Land Use Department stating to "[p]lease be advised that on my final review of Jacobs Woods #2 subdivision that it is ready for dedication to the Crete Road District," as additional evidence of approval. It is of note that Apps's lot is in the proposed Jacobs Woods #3A subdivision. Apps also attached a 2018 e-mail from a Crete Township officer that communicated the Will County Land Use Department's recognition of the subdivision's roads as dedicated.

¶ 9        Apps requested the court declare the subdivision's roads legally dedicated and assign Crete Township Highway Department the responsibility for their management and control. He sought a mandatory injunction directing that Recupito enforce the rights of Crete Township and hold Bukowski accountable for her alleged destruction of Wellington Drive. He also sought a mandatory injunction requiring that Bukowski repair Wellington Drive and all other roads in the subdivision to sufficiently allow access to his property consistent with the plat. He further requested that Bukowski be directed to contact "Exelon (or the now current power company) to make arrangements" for reinstallation of the "power lines and polls [*sic*]."

¶ 10       Bukowski brought a combined motion to dismiss pursuant to section 2-619.1 of the Code, arguing the roads identified in the plat were never developed, improved, or completed. 735 ILCS 5/2-619.1 (West 2022). Therefore, an affirmative matter defeated Apps's claim as the roads could not have been accepted by the township, and she had no responsibility to develop them for Apps's benefit. *Id.* § 2-619(a)(9). As evidence that the subdivision was unimproved, Bukowski attached a notice of incomplete subdivision public improvements recorded in 2006 which indicated public improvements in "Jacob's Woods Unit 3A Subdivision" had not been completed "as required by

4

Will County Subdivision Ordinance," and therefore building permits were not authorized. Bukowski asserted Apps failed to support his conclusory allegations that the conditions on Wellington Drive were her doing instead of naturally occurring from the undeveloped area. *Id.* § 2-615. She further alleged Apps had failed to plead context for when, where, and how Bukowski allegedly removed the electrical poles. She asserted that the locked gateway identified in Apps's complaint had been removed.

¶ 11 Recupito also filed a combined section 2-619.1 motion directed against the second amended complaint. His accompanying memorandum argued that, contrary to the law, the complaint relied exclusively upon the plat's approval as acceptance of responsibility over the subdivision's roads. As such, the complaint failed to allege facts demonstrating the highway department's acceptance, and dismissal was warranted under section 2-615. *Id.* Recupito also moved for summary judgment based upon the absence of evidence that the highway commissioner accepted the roads. *Id.* § 2-1005. The proposed streets had not been completed, which is required for their acceptance under the ordinances of Will County. According to Recupito, Apps's failure to establish that the highway department had accepted the roads by clear and convincing evidence warranted summary judgment.

¶ 12 The circuit court heard arguments on the motions, took the matter under advisement, and entered an order dismissing Apps's second amended complaint with prejudice on section 2-615 grounds on August 22, 2024. Apps appeals.

¶ 13                                                    II. ANALYSIS

¶ 14 On appeal, Apps argues the court erred in dismissing his second amended complaint. He claims that he validly pled the subdivision's roads were dedicated by statute and asserts the pleading sufficiently alleged that a public authority accepted the statutory dedication of the

5

subdivision's roads. As factual support of acceptance, he asserts that his property had been improved upon with a house, that the disputed road existed and provided access to his property, and electrical poles were erected in the subdivision. Considered altogether, the existence of these conditions indicates "an intention to accept."

¶ 15       Defendants each filed combined motions challenging the second amended complaint pursuant to section 2-619.1 of the Code. 735 ILCS 5/2-619.1 (West 2022). Section 2-619.1 permits the filing of a motion to dismiss under sections 2-615 and 2-619 (*id.* §§ 2-615, 2-619), and a motion for summary judgment under section 2-1005 (*id.* § 2-1005) together in any combination. *Id.* § 2-619.1. Bukowski moved to dismiss the complaint pursuant to sections 2-615 and 2-619. Recupito moved to dismiss the complaint pursuant to section 2-615 and sought summary judgment under section 2-1005. See *id.* The circuit court granted dismissal on defendants' overlapping section 2-615 motions holding, without explanation, that Apps failed to plead facts sufficient to set forth a cause of action. That is where our analysis begins.

¶ 16       A section 2-615 motion to dismiss contests the legal sufficiency of a complaint based on defects apparent on its face. *Jane Doe-3 v. McLean County Unit District No. 5 Board of Directors*, 2012 IL 112479, ¶ 15. When reviewing a section 2-615 motion, all well-pled facts and " 'all inferences that may reasonably be drawn in the plaintiff's favor' " are accepted as true. *Crampton v. Crampton*, 2017 IL App (3d) 160402, ¶ 10 (quoting *Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97 (2004)). The question presented is whether a complaint contains sufficient facts to state a cause of action upon which relief may be granted when its factual allegations and reasonable inferences are construed in the light most favorable to the plaintiff. *Hadley v. Doe*, 2015 IL 118000, ¶ 29; *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶ 25. When deciding a section 2-615 motion, a court is limited to considering the facts apparent on the face of the

pleadings, the matters subject to judicial notice, and judicial admissions in the record. *Reynolds*, 2013 IL App (4th) 120139, ¶ 25. A complaint's attached exhibits, as an extension of facially apparent facts, must be considered. See *Hadley*, 2015 IL 118000, ¶ 29; 735 ILCS 5/2-606 (West 2022). Dismissal under section 2-615 is appropriate "only if it is clearly apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover." *In re Estate of Powell*, 2014 IL 115997, ¶ 12. The standard of review for dismissal under section 2-615 (*Reynolds*, 2013 IL App (4th) 120139, ¶ 25), as well as dismissal under section 2-619.1 (*Horn v. Goodman*, 2016 IL App (3d) 150339, ¶ 10), is *de novo*.

¶ 17      The second amended complaint presents a single equitable cause of action that requests declaratory and injunctive relief against Recupito and Bukowski. See Ill. S. Ct. R. 135(a) (eff. July 1, 1982). Based on the alleged statutory dedication of the subdivision's roads, the highway department has the purported obligation to keep the roads free from interference. By extension, Recupito, as acting Crete Township Highway Commissioner, must hold Bukowski accountable for the destruction of Wellington Drive. As for Bukowski, Apps sought the court to direct that she repair Wellington Drive so that he may access his property pursuant to the plat and further to organize the reinstallation of electrical poles alleged to have been intended to serve Apps's lot. There are distinct factual allegations alleged in support of each equitable claim. Therefore, while a common equitable cause of action connects the defendants, we consider the individual allegations deemed insufficient to state a valid claim against them in turn.

¶ 18                          A. Grant of Recupito's Section 2-615 Motion to Dismiss

¶ 19      Apps's claim against Recupito and the highway department rests on whether the second amended complaint sufficiently alleged the subdivision's roads were legally dedicated and accepted. A road may be dedicated either by statute or by common law. *Limestone Development*

7

*Corp. v. Village of Lemont*, 284 Ill. App. 3d 848, 858 (1996). Apps's pleading alleges the former; as a result of the plat's recording, he argues the subdivision's roads were statutorily dedicated.

¶ 20     The Plat Act governs statutory dedications. 765 ILCS 205/0.01 *et seq.* (West 2022); *Republic Bank of Chicago v. Village of Manhattan*, 2015 IL App (3d) 130379, ¶ 17. Section 3 of the Plat Act provides that, where a plat is acknowledged and recorded, the premises marked or noted as donated or granted to the public therein will be treated as such by conveyance in fee simple. 765 ILCS 205/3 (West 2022). Stated differently, there are two requirements to create a valid statutory dedication. *Republic Bank of Chicago*, 2015 IL App (3d) 130379, ¶ 18 (citing *Bigelow v. City of Rolling Meadows*, 372 Ill. App. 3d 60, 64 (2007)). First, a property owner capable of offering a dedication must file or record a plat which marks or notes portions of the premises as donated or granted to the public. See *id.* Second, the public entity must accept the dedication. *Id.* Strict compliance with the Plat Act is mandatory in order to perfect a statutory dedication. *First Illinois Bank of Wilmette v. Valentine*, 250 Ill. App. 3d 1080, 1091 (1993).

¶ 21     There is no dispute that Apps sufficiently alleged the recorded plat contained language evincing the necessary donative intent for the subdivision's roads to satisfy the first requirement of statutory dedication. Rather, Recupito and Apps disagree on whether the second requirement—*i.e.*, acceptance of the offer to dedicate—was validly pled. A statutory dedication is incomplete "until the public entity to which the property is dedicated accepts such dedication." *Schwebl v. Seifer*, 208 Ill. App. 3d 176, 179 (1991). Mere approval of a plat does not constitute public acceptance of its dedication. *Id.*; see *Nimpfer v. Village of Fox Lake*, 334 Ill. 46, 50 (1929) ("The approval of the plat by the city council is not a [*sic*] acceptance of the streets and passageways shown upon the plat.").

8

¶ 22    When a landowner apportions property into lots with streets and "has it platted, the municipality acquires no interest in the streets until it accepts them." *Water Products Co. of Illinois v. Gabel*, 120 Ill. App. 3d 668, 672 (1983). To complete the dedication, the municipality must accept the street. *Id.* Pending acceptance, the fee title does not vest in the public authority but will remain with the original owners. See *id.*

¶ 23    "Acceptance of a statutory dedication may be express or implied." *Republic Bank of Chicago*, 2015 IL App (3d) 130379, ¶ 20. Express acceptance, such as acceptance formalized through direct municipal action, is not alleged here. *Id.* Instead, the parties argue whether the complaint asserts discernible implied acceptance by a public authority to state a valid claim for statutory dedication. "[I]mplied acceptance may be deduced from acts of public authorities recognizing the existence of streets and treating them as public streets." *Id.* ¶ 21. Implied acceptance "must be evidenced by some act, such as use or maintenance of the property which is the subject of the dedication by the public authority." *Schwebl*, 208 Ill. App. 3d at 179. Moreover, a municipality's acceptance of an offer to dedicate a street "must be by some overt, unequivocal act indicating an intention to appropriate to the public use the proposed dedication." *Moore v. City of Chicago*, 261 Ill. 56, 59 (1913).

¶ 24    We conclude Apps's second amended complaint fails to allege any action which may be construed as an implied acceptance of the subdivision's roads by public authority. The pleading purports acceptance in two ways. First, Apps alleges acceptance by virtue of the plat's recording with Seehausen's signature attached thereto. As previously discussed, approval of a plat dedication alone does not constitute public acceptance. *Schwebl*, 208 Ill. App. 3d at 179; *Gabel*, 120 Ill. App. 3d at 672; *Nimpfer*, 334 Ill. at 50. Second, Apps pled that a letter from Seehausen asserting "Jacobs Woods #2 subdivision *** is ready for dedication" served "[a]s further evidence of acceptance."

From its plain language, however, the letter concerns a different subdivision entirely. Neither allegation establishes acceptance.

¶ 25    On appeal, Apps argues that three other allegations in his complaint, when taken as true, adequately indicate "use and acceptance" of the road. He borrows language from *Schwebl* that "use or maintenance of the property which is the subject of the dedication by the public authority" can evidence an act of acceptance. 208 Ill. App. 3d at 179. He states that his land being improved upon with a house, the existence of road access to the house, and the presence of electrical lines in the subdivision indicate use for dedication purposes. We initially note that Apps did not raise these arguments in the circuit court. *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 15 ("[A]rguments not raised before the circuit court are forfeited and cannot be raised for the first time on appeal."). While Apps addressed his improved property during the July 25, 2024, argument on defendants' motions, he never claimed it sufficed as acceptance of the subdivision's roads. His contentions that road access to his property and electrical line presence suffice as acceptance are also introduced for the first time on appeal.

¶ 26    Were we to reach the merits of his position, his argument nonetheless fails. Generally, he ignores that acts of use or maintenance must be tied to the property subject to dedication and to the ascertainable public authority. *Schwebl*, 208 Ill. App. 3d at 179; *Emalfarb v. Krater*, 266 Ill. App. 3d 243, 253 (1994). It is unclear how road access to Apps's property represented in the plat relates to use or maintenance of the subdivision's roads. The argument that prior access to his property evidences an exercise of dominion in use and maintenance by public authority over the roads is belied by the photographs Apps attaches to his complaint representing an ungraded, unmarked, and unimproved path. *Hadley*, 2015 IL 118000, ¶ 29.

10

¶ 27    He does not connect his remaining allegations, the construction of his home and presence of electrical poles, to the dedicated roads, much less tie them to any act of public authority. There is certainly no allegation that the township constructed the home. In fact, it is not entirely clear from the record whether the house Apps refers to is the one depicted on his lot on the plat of subdivision, or one constructed thereafter. The pleading does not allege that a public authority improved or maintained his property, the streets, placed the electrical poles in the subdivision, or oversaw their placement. See *Warzynski v. Village of Dolton*, 61 Ill. 2d 475, 477, 479 (1975) (upkeeping water main "a[t] or near" undeveloped road did not show village's acceptance of road's dedication, where the village did not take possession of the area for the purpose of placing the water main and the water main was placed by subdividers, not the village). While Apps's appellate brief contends that the municipality "buil[t] the electrical lines" and later that "electrical wires were run" thereby demonstrating the municipality's acceptance, these are supplemental allegations presented for the first time on appeal. The second amended complaint does not allege "electrical lines" were constructed. It includes a single allegation involving "electrical poles" and their purported removal by Bukowski.

¶ 28    As a final argument that he has adequately pled the subdivision's roads were dedicated, Apps identifies a 2018 e-mail from Michael J. Liccar, a Crete Township supervisor, to an unidentified addressee which is attached as an exhibit to his pleading. In the correspondence, Liccar wrote that "Per Alex Brumley of Will County Land Use" the roads in the subdivision "are dedicated access and cannot be blocked with a gate or anything else." This exhibit merely reports what someone other than a township agent said, does not indicate the township's adoption of the statement, and is not tied to any allegation of acceptance. Even were we to again set aside waiver concerns, Apps concedes in his reply brief that this e-mail does not constitute acceptance. We

11

agree. In sum, Apps's second amended complaint does not allege any act tending to prove Wellington Drive was accepted by public authority. See *Clokey v. Wabash Ry. Co.*, 353 Ill. 349, 366 (1933).

¶ 29 We next address whether dismissal of the Crete Township Highway Commissioner with prejudice was appropriate. A circuit court's decision to grant dismissal with prejudice is "reversible error only if there has been an abuse of discretion." *OnTap Premium Quality Waters, Inc. v. Bank of Northern Illinois, N.A.*, 262 Ill. App. 3d 254, 264, (1994). Apps received three opportunities to state a valid claim of statutory dedication wherein he sought to hold a public authority accountable for the maintenance and control of the subdivision's roads. See *id.* at 265. The distinguishing feature between these pleadings was form, not substance. Apps initially brought two petitions for declaratory and injunctive relief before titling his third pleading as an amended complaint. All pleadings were supported by identical factual allegations. *Id.* Accordingly, it is not unreasonable to conclude that Apps is unable to cure this pleading defect by alleging an act of acceptance and therefore, no set of facts would entitle him to relief against this defendant. See *id.*; *In re Estate of Powell*, 2014 IL 115997, ¶ 12. We hold Apps received adequate opportunity to state a cause of action alleging acceptance, failed to do so, and the circuit court did not abuse its discretion in granting Recupito's motion to dismiss with prejudice.

¶ 30 B. Grant of Bukowski's Section 2-615 Motion to Dismiss

¶ 31 While Apps insufficiently alleged statutory dedication, this does not preclude a claim to enforce the right to access his property. The second amended complaint includes the deeds by which Apps and Bukowski took title to their respective lots. Bukowski acknowledges in her brief that she did not take title to any of the proposed roads or streets.

12

¶ 32    A lot owner is entitled to utilize streets as designated in a plat for purposes of ingress and egress throughout the subdivision. *Reiman v. Kale*, 83 Ill. App. 3d 773, 777-78 (1980) (citing *Clark v. McCormick*, 174 Ill. 164, 175 (1898)). Over a century ago, our supreme court described the incontrovertible rights of a platted land purchaser who "acquires as appurtenant to the lots every easement, privilege, and advantage which the plan represents as belonging to them as a part of the platted territory." *Wattles v. Village of McHenry*, 305 Ill. 189, 192 (1922); *Zearing v. Raber*, 74 Ill. 409, 412 (1874). A plat confers private rights and entitles a purchaser "under the law, to demand that *** the representations made by the plat as to the streets thereon be preserved." *Ruble v. Sturhahn*, 348 Ill. App. 3d 667, 675 (2004). "This rule equally applies to platted streets and roads not yet in existence." *Id.*[1] As the Second District noted in *Reiman v. Kale*:

> "The lot owner purchased the land in reliance on the plat which indicated the access roads. Even if the roads are privately owned, the individual owners cannot deprive the other owners of access where they purchased in reliance on the plat layout. *** Therefore, we conclude that the plat created an easement ***." *Reiman*, 83 Ill. App. 3d at 778.

Apps alleged that he took title to a lot created via the recording of a plat of subdivision which set out roads for his benefit to access his property. He asserted that Bukowski has interfered with his use of one of those roads, Wellington Drive, by installing a gate or other barricade, expanding a pond onto the road, and through other obstructive acts. Those allegations are sufficient to support the pleading of a cause of action that Apps enjoys the benefit of an easement or right-of-way for access to his lot, and that Bukowski has wrongfully interfered with his use of such easement. See

---

[1]In a recent application of this principle, the Fifth District granted a permanent injunction for a lot owner over an unimproved right-of-way that had been conferred via a plat of subdivision. See *St. Peters v. Gibbs*, 2025 IL App (5th) 240906-U, ¶¶ 31, 32, 38.

*id.* His claim against Bukowski may proceed on this basis, and any other that might be properly presented to the circuit court.

¶ 33                                III. CONCLUSION

¶ 34       The judgment of the circuit court of Will County is affirmed in part and reversed in part. The circuit court's granting of defendant Crete Township Highway Commissioner Recupito's motion to dismiss pursuant to 735 ILCS 5/2-615 is affirmed, including the finding that the dismissal is with prejudice. The circuit court's dismissal, with prejudice, and granting of Bukowski's 2-615 motion to dismiss is reversed. The matter is remanded for further proceedings with regard to Apps's claims against Bukowski.

¶ 35       Affirmed in part and reversed in part.

¶ 36       Cause remanded.